■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE LITTLEJOHN, Appellant.—Judgment, Supreme Court, New York County, rendered February 27, 1978, convicting defendant of robbery in the first degree and sentencing him thereupon to three to nine years, affirmed. After a *Wade* hearing, the pretrial photographic and lineup identification procedures were found proper. At trial, besides making an in-court identification, each of the three eyewitnesses testified to their previous identification of defendant at a lineup. Two lineup proceedings had been held. At the first, two of the witnesses separately viewed and identified defendant. The subsequent lineup, at which defendant had counsel present, was viewed by the third witness. On cross-examination, defense counsel did not pose a single question to any of these witnesses as to their previous out-of-court identification. The People thereafter called a detective who was present at both lineups, and he was permitted to testify, without objection, that at each proceeding the witness said something to him after viewing the lineup. The clear implication of this testimony was that the witness had made a positive identification of defendant. Though harmless enough in this case, this, in our view, constituted a violation of the spirit, if not the letter, of CPL 60.25, 60.30. (See *People v Trowbridge,* 305 NY 471, 477.) Photographs of both lineups were also received in evidence. The detective was permitted to testify further that at the first lineup defendant had chosen his tag number and position and that at the second, defendant's attorney selected the standins and their positions. No objection was taken to any of this. In our view, inasmuch as defendant had not, in any manner, challenged the propriety of the lineup procedures, none of this testimony was necessary or, indeed, proper. Even though the *Trowbridge* violation was indirect and harmless, such evidence in its totality tends to divert the jury's focus from the crime and the witnesses' opportunity to observe the defendant, and, instead, to exaggerate the importance of the pretrial identification. It also served to penalize the defendant for the exercise of his right to counsel. Although we have discretionary jurisdiction in instances where the error was not preserved (CPL 470.15, subd 6, par [a]), we decline to exercise it here, since defendant's attorney in his cross-examination of the detective exploited his testimony to show disparities in age and height between defendant and the standins. This, no doubt, was the defense strategy, once the detective's testimony unfurled. Having tacked, thus, and failed, defendant may not relitigate his case on appeal. We are satisfied that defendant's guilt has been proven. Concur—Sandler, J. P., Sullivan, Bloom and Lane, JJ.

Silverman, J., concurs in the result only.