## (October 30, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES B. ROBBINS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 28, 1979, upon a verdict convicting defendant of the crime of rape in the first degree (two counts). The defendant's conviction was based upon an incident which occurred in the defendant's apartment at 18 Myrtle Avenue, Albany, New York, on October 21, 1978, involving his then eight-year-old sister-in-law. In our view, the only question that requires consideration is the admission into evidence by the trial court, over the defendant's objection, of a piece of mattress cover, stained by what appeared to be blood, taken by police officers from the only bed in the defendant's apartment. The mattress cover was obtained in the following circumstances. After the defendant's apprehension by the arresting officers, he was taken to police headquarters and interrogated. While there, he gave oral admissions concerning the commission of the crimes following what the trial court found to be adequate *Miranda* warnings. In the course of his interrogation, the defendant was asked to sign a form consenting to a search of his apartment by the police, conditioned upon the defendant's presence at the time of the search. Subsequent to the interrogation and pursuant to the consent form, the police went to the defendant's apartment without the defendant, and, in searching the apartment, took the stained piece of mattress cover from the defendant's bed. At the suppression hearing the trial court suppressed the mattress cover for the reason that the defendant was not present at the time of the search, in violation of the condition

contained in the consent form. The prosecution made no effort on its direct case to introduce the mattress cover. When the defendant took the stand on his own behalf, he denied that he committed any crime, but he admitted signing the consent form voluntarily, and also admitted that he had not been threatened or coerced. On rebuttal the prosecution recalled the officer who had obtained the mattress cover. He was allowed to testify, over the defendant's objection, to obtaining the defendant's signature to the consent form, and to taking the mattress cover from the defendant's bed in the defendant's absence, subsequent to the interrogation. The mattress cover was offered and received into evidence. No limiting instructions were requested by the defense at the time of the admission of the evidence or after the court's charge in relation thereto. Any error in the trial court's failure to inform the jury that the mattress cover could be considered only on the issue of the defendant's credibility was, therefore, not preserved for review as a question of law in this court (CPL 470.05, subd 2), nor is this the type of error, which, as a matter of discretion, we will review in the interest of justice (CPL 470.15, subd 6, par [a]; compare *People v Littlejohn,* 72 AD2d 515, with *People v Greenwaldt,* 72 AD2d 836). The prosecution seeks justification for the introduction of the mattress cover in these circumstances under the rule that "A defendant testifying in his own case to facts indicating his innocence cannot by omissions in his testimony limit questions addressed to credibility in cross-examination to admissions related to those precise facts. Such cross-examination may be addressed to admissions reasonably to be regarded as inconsistent with the direct testimony". *(People v Johnson,* 27 NY2d 119, 123.) In this case, this rule does not permit the introduction on rebuttal of the blood stained mattress cover previously suppressed by the court. The mattress cover cannot be considered "an admission", defined as an act or declaration of the defendant inconsistent with his innocence (Richardson, Evidence [Prince, 10th ed], § 212), when the defendant did not authorize its taking by the police or even mention it in the course of his interrogation. Nor did the consent to search form signed by the defendant contain any statement whatever about the mattress cover. As was said in *People v Tramontano* (65 AD2d 762), "before suppressed evidence can be used to impeach a defendant's credibility he must affirmatively open the door on his direct testimony *by uttering facts in contradiction to the suppressed evidence* [citations omitted]" (emphasis added). To rule the mattress cover admissible here under the defendant's general denial of guilt on his direct testimony would permit the introduction of all incriminating evidence excluded by the court pretrial as soon as a defendant takes the stand and generally denies his guilt. Such a result would not only circumvent all the exclusionary rules of evidence, but would require a defendant to elect between taking the stand in his own behalf, and being confronted by all such incriminating evidence, no matter how obtained, or forfeiting his right to testify; in short, the choice of which of the two constitutional rights to forego: his right to testify or his right not to have illegally seized evidence used against him. Furthermore, before such impeaching evidence can be introduced through another witness in rebuttal, a proper foundation must be laid with the defendant while he is testifying, in his own behalf (Richardson, Evidence [Prince, 10th ed], § 502). Inasmuch as the defendant never mentioned the mattress cover, either on his direct testimony or on cross-examination, the necessary foundation would be impossible in these circumstances. The erroneous admission of such evidence does not mandate a reversal, however, in view of the other overwhelming evidence of the defendant's guilt, consisting of the victim's testimony, the corroborating

testimony of her sister, the defendant's admissions and the medical testimony, all establishing that the defendant had committed the crime of rape in the first degree *(People v Fuller,* 50 NY2d 628, 638-639). Thus, there was no reasonable possibility that the wrongfully admitted mattress cover contributed to the conviction *(People v Almestica,* 42 NY2d 222). The other contentions of the defendant, i.e., that the prosecution had not proven that he waived his *Miranda* rights; that the trial court abused its discretion in permitting the child victim to testify unsworn; that the court erred in not charging sexual abuse in the first degree as a lesser included offense, have all been considered and found meritless. The defendant's *pro se* claim that his oral admissions should have been suppressed because they violated the holding in *People v Samuels* (49 NY2d 218) is not supported by the record. The judgment of conviction should, therefore, be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.