■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. HOPPE, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered January 17, 1980, upon a verdict convicting defendant of the crime of arson in the third degree. At approximately 10:00 P.M. on June 23, 1979, a substantial portion of the James Wahl residence in the Town of Dickinson, adjacent to the City of Binghamton, was destroyed by fire. Although six members of the family lived there, no one was home at the time of the blaze. At the trial of defendant, witnesses for the People, which included a fire chief and qualified experts, testified that in their opinion the fire started on the floor of a bedroom occupied by one of the daughters, Sandra Wahl, near a partially opened window. Other testimony revealed that Sandra was a former girlfriend of defendant and had lived with him from April, 1978 until March 16, 1979, when, because of their deteriorating relationship and his physical abuse, she returned home. Her departure did not terminate their relationship, for defendant relentlessly pursued her with harassing phone calls at home and at her place of employment. He threatened physical harm to her father and brother, and on several occasions stated he would burn her house down so she could not continue to live there. Evidence was offered to show that on one occasion he slashed the tires of her father's automobile and placed foreign substances in the gasoline tank. This general and persistent course of conduct continued up to and including June 23, 1979, when at about 7:00 P.M. that evening, after Sandra refused to speak to him at her place of employment, he told her that "in about 24 hours you will have nothing". At about 9:00 P.M., in a final call to her place of employment, he left word with a co-worker that Sandra would have to come home to him because she would have nowhere to go that night. Moreover, later that evening defendant requested a friend to drive him by the Wahl home because he had heard the house had been "torched". Although it was later determined that an accelerant had been used to start the fire, such information was not available at the time defendant indicated knowledge of the manner in which the fire had originated. At the time of his arrest, a search of his vehicle revealed two cans of charcoal lighter fluid, a can of dry gas, and a can of tire sealant. On this appeal defendant asserts, among

other things, the insufficiency of the evidence to sustain a verdict of guilt beyond a reasonable doubt, the admission of prejudicial testimony of other criminal or bad acts of defendant, errors in the charge by the court, improper comments of the prosecutor, and a defective indictment. The evidence connecting defendant with the commission of the crime of arson was, in large part, circumstantial. However, the prosecution's web of circumstantial evidence was tightly woven. When such evidence is considered along with defendant's course of conduct, the threats and statements made by him, and the impressive expert testimony examining, critically, the physical facts, we are unable to say that the proof of guilt was legally insufficient. To the contrary, the proven facts excluded to a moral certainty every reasonable hypothesis of innocence (*People v Benzinger,* 36 NY2d 29), and it is clear that the jury, when reviewing this evidence in its entirety, met the test prescribed by *Benzinger* (see *People v Gallo,* 75 AD2d 148). Nor do we find any error in the admission of evidence of other uncharged criminal or "bad" acts of defendant, as this evidence fell squarely within the well-known exceptions contained in *People v Allweiss* (48 NY2d 40) and *People v Molineux* (168 NY 264). The charge of the court, to which there were no exceptions or requests, was complete and fair in all its phases, and the arguments of the prosecutor in response to the closing argument of the defense were not improper. Additionally, we find nothing defective in the indictment charging defendant with the crime of arson in the third degree (*People v Wilczynski,* 97 Misc 2d 307, 310, affd 65 AD2d 518, cert den 439 US 1128). Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.