■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PEREZ, Appellant. — Judgment rendered March 31, 1981 in Supreme Court, Bronx County (McMahon, J.), convicting appellant of robbery in the first and second degrees, attempted robbery in the first degree and assault in the second degree, unanimously reversed, on the law and on the facts and in the interests of justice, and the indictment is dismissed. At trial the complainant testified that her assailant was 35 or 36, over five feet tall, wore a dark dirty cap and had hair around the lower part of his head. The notes of the officer who interviewed her a few days after the incident, however, describe a 25 or 26 year old with an afro, wearing a blue baseball cap. Appellant is 34 years old and bald. The only certain, direct proof linking defendant to the crime was the cap worn by the assailant, taken from defendant at arrest and equally available from the heads of thousands of men in the metropolitan area. And though a companion of appellant's was seen carrying a TV, the People failed to prove beyond a reasonable doubt that it was the television set taken by the robber. The complainant's direct identification of appellant had properly been suppressed as unreliable, after a full *Wade* hearing on the issue. Nonetheless, the prosecutor repeatedly elicited responses from the complainant indicating that she had made a pretrial identification. Although the court always sustained defense objections on this point, as well as clearly cautioning the District Attorney several times, the harm was later compounded by the People's questioning of the arresting officer, directly linking his arrest with his interview of complainant. This was a "violation of the spirit, if not the letter, of CPL 60.25, 60.30. (See *People v Trowbridge,* 305 NY 471, 477.)" (*People v Littlejohn,* 72 AD2d 515.) Unlike *Littlejohn* or *People v Mobley* (56 NY2d 584, 585), however, the error can hardly be deemed harmless. In a case this fragile, the interests of justice impel us to notice these errors, overlooking defendant's failure to object to them all. Either description of the assailant could be fit by a

legion of New Yorkers; appellant merely happened to be asleep on a bench across the street. "The evidence simply is insufficient to permit all the inferences necessary to sustain the conviction" (*People v Slaughter,* 56 NY2d 993, 995). Accordingly, on the law and on the facts and in the interests of justice, the conviction is reversed and the indictment is dismissed. Concur — Murphy, P. J., Carro, Asch, Silverman and Milonas, JJ.