■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH AA., Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 27, 1981 which sentenced defendant upon his adjudication as a youthful offender. Defendant was charged in an indictment with the crime of manslaughter in the second degree (Penal Law, § 125.15). At the trial a witness testified that defendant, the victim and several others were at his house having a party and drinking heavily on the day in question; that the victim was getting out of hand and defendant said not to worry about him, he (the defendant) was going to take care of it; that the victim left the house and defendant left shortly thereafter; that several people got in an automobile and went after defendant; that after picking up defendant the group continued on until catching up with the victim; that defendant got out of the automobile and the others drove up the road and turned around; that when they returned the victim was lying in the road and appeared to be knocked out; that the victim

had blood coming from his lip and nose and was making a snoring or gurgling sound; that defendant said that he hit the victim once or twice; that the victim was then put on the side of the road and the group left; that thereafter some of the people from the party left and returned with the victim in an automobile; that the victim was lying in the back seat not moving but making moaning sounds; and that the victim was then placed near a dumpster behind his apartment where he was eventually discovered. There was another person who was charged in an indictment with manslaughter in the second degree in connection with this same victim's death and tried with defendant herein, but found not guilty. There was testimony at the trial indicating that this other person had hit the victim several times after defendant had hit him and that the victim had been thrown over the side of the road and later fell off the back of a car where he had been placed by people other than defendant. Medical testimony was given at the trial to the effect that the victim died of serious head injuries and that his injuries were consistent with being caused by a fist or booted foot. Defendant was convicted of the crime of manslaughter in the second degree and sentenced as a youthful offender to an indeterminate term of imprisonment with a maximum term of four years and a minimum term of one and one-third years. This appeal ensued. Initially, defendant contends that the evidence was insufficient to sustain the conviction. He maintains that a stricter burden of proof was necessary in this case because the case rested entirely on circumstantial evidence. We disagree (see *People v Barnes,* 50 NY2d 375). The People's burden was to prove that defendant committed the crime of manslaughter in the second degree beyond a reasonable doubt. The evidence must be viewed in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203) and while there were some conflicts in the testimony presented at trial, it is the jury's exclusive domain to determine the credibility of the various witnesses (*People v Cummings,* 90 AD2d 622, 623). From our review of the entire record, we are unable to say that the proof of guilt was legally insufficient (see *People v Hoppe,* 89 AD2d 670). Defendant next contends that the court erred in instructing the jury on the form of the verdict. The record reveals, however, that the court recharged the jury in this regard and, therefore, any error was corrected and rendered harmless. Defendant also urges that the court improperly refused to charge that the acts of others against the victim should not be imputed to defendant. The court did instruct the jury that separate assaultive acts against the victim were alleged and the guilt or innocence of the defendants was to be considered separately with each element of the crime having to be proved against each defendant. In our view, the court's charge was proper. Although defendant argues that other errors were made in the charge, no exceptions to such errors were taken nor are they the type of errors which would persuade us to reverse as a matter of discretion in the interests of justice. Consequently, such alleged errors will not be reviewed on this appeal (*People v Robbins,* 78 AD2d 750, 751; *People v Amazon,* 52 AD2d 1012, 1013). Finally, we find no clear abuse of discretion by the court in the imposition of sentence and, therefore, the sentence will not be disturbed (*People v Du Bray,* 76 AD2d 976, 977). We have considered defendant's remaining arguments and find them unpersuasive. The judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.