■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. WOOD, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered October 13, 1981, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree, (2) from a judgment of said court, rendered October 21, 1981, which revoked defendant's probation and imposed a sentence of imprisonment, and (3) by permission, from an order of said court, rendered January 29, 1982, denying defendant's motion to vacate the judgment of conviction. Defendant and two others were convicted, after trial, on an indictment which charged them with criminal possession of stolen property in the first degree, a class D felony. The indictment emanated from the theft in April or early May, 1980 of a number of guns, fishing reels and other items of personalty from 598 Clinton Avenue, Albany, where they had been stored by their owner, a man named Bender. Mr. Bender could not fix the exact date of the theft because he did not regularly reside in the premises, but lived instead at 605 Clinton Avenue. Shortly after he discovered his loss, Bender went to the Clinton News, located next door to 598 Clinton Avenue, where he saw defendant and the two codefendants, and inquired of them if they had noticed anyone around 598 Clinton Avenue. Bender said he never mentioned guns. Defendant told Bender he had heard some noises at the premises, but upon entering found no one. Defendant also said that on another occasion he chased two unidentified men away. A few days later, Bender saw some of his stolen guns for sale in Nelson's Sporting Goods Store, located at 331 Clinton Avenue. He learned that Nelson had purchased the guns for $970 from a James Seymour, who worked in a shop a few doors from the sporting goods store. James Seymour stated that on April 25, 1980 he was approached by defendant, who offered to sell some guns which defendant said were obtained from a house he was cleaning out. Seymour paid the defendant $470 for 9 or 10 guns, and sold them to Nelson's Sporting Goods Store for $970. A few days later, Seymour purchased more guns from defendant and again sold them to Nelson, this time for $1,020. Seymour testified that he paid defendant directly for the first group of guns and left the money for the second group with the proprietor of Clinton News, defendant's mother-in-law. Seymour admits that on this occasion he asked for and received two receipts, for both purchases, made out by Sharon Lawlor, an employee of the Clinton News, at the direction of Mrs. Torello, the proprietor. According to Seymour, the receipts for the purchases were approved on the telephone by defendant. Seymour denied knowing that the guns were stolen until he was informed by Nelson after the guns were discovered by Bender in the sporting goods store. Thereupon, Seymour stated he went to defendant and gave him the receipts and recovered the purchase money. On this appeal, defendant argues that reversible error was committed by the trial court when it failed to charge, upon defendant's request, that Seymour and Lawlor were accomplices, and as such their testimony required corroborative evidence "tending to connect the defendant with the commission of such offense" (CPL 60.22, subd 1). In the absence of any evidence tending to connect Seymour with the theft or tending to show his knowledge that the guns were stolen when he purchased them from defendant, the requested accomplicity charge was properly denied (*People v Torello*, 94 AD2d 857). We reach a similar conclusion concerning the witness Lawlor, since she only made out the receipts at the request of her employer and never possessed the stolen property. Defendant next argues that

the introduction into evidence of a fishing reel was error, since it was beyond the scope of the indictment. The fishing reel was obtained from defendant's home, pursuant to a valid search warrant. It was found in a cabinet in defendant's house, in full view of anyone entering the room and was identified by Bender as belonging to him. It was, therefore, relevant to show defendant's guilty knowledge or intent (*People v Chandley*, 89 AD2d 740). The fishing reel was so connected and related to the other items that Bender had reported stolen, which were enumerated in the indictment, that it showed that defendant did unlawfully possess those other items. As to the trial court's failure to give appropriate limiting instructions in regard to the fishing reel, it was excused by defendant's failure to request the same. Defendant's next contention is the trial court's abuse of discretion in permitting the prosecution, after a *Sandoval* hearing, to elicit from defendant upon his taking the stand his 1977 conviction for burglary in the third degree, a 1965 conviction for assault in the third degree and a 1976 conviction for the violation of disorderly conduct. We find the ruling of the trial court to be a proper exercise of discretion, since the prior crimes did not show defendant's propensity to commit crimes like the crime charged and were relevant on the issue of defendant's credibility. These prior convictions demonstrated defendant's "determination deliberately to further self-interest at the expense of society or in derogation of the interests of others", as aptly stated by the trial court. Under the circumstances, defendant's argument that he was forced to relinquish his right to testify in view of the *Sandoval* ruling is meritless (*People v Mayrant*, 43 NY2d 236). Finally, defendant's claim of improper denial of his posttrial motion which sought to vacate his conviction on the ground that new evidence had been discovered since the entry of judgment (CPL 440.10, subd 1, par [g]), is also flawed. The proffered evidence consisted of the statements of three persons. The statements were to the effect that the witness Seymour was overheard telling a mán named Duell that he had stolen some guns, fishing equipment, and a motor from an unspecified house. To be newly discovered evidence, the evidence must be more than impeaching testimony (*People v Salemi*, 309 NY 208, cert den 350 US 950). The testimony of a witness who overheard an admission of the burglary and theft by the witness Seymour, even if believed, would not absolve defendant of unlawful possession of the stolen articles. At most, it would bear on Seymour's credibility as a witness and this is an insufficient basis on which to grant a new trial (*People v Wagner*, 51 AD2d 186). Thus, the trial court properly exercised its discretion in denying defendant's CPL 440 motion. In view of the above determination, and no other issue having been raised with respect thereto, the judgment revoking defendant's probation must also be affirmed. The judgments and order should, therefore, be affirmed. Judgments and order affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.