■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TORELLO, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), entered October 13, 1981, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. Defendant and two codefendants were charged in an indictment with possession of firearms known to have been stolen. Following denial of suppression of evidence seized pursuant to a search warrant, defendants were tried jointly and found guilty by the jury. Initially, we reject defendant's argument that the evidence was legally insufficient to establish guilt. Having been convicted upon trial, the evidence must be viewed in a light most favorable to the People (*People v Kennedy*, 47 NY2d 196, 203; *People v Joseph AA.*, 92 AD2d 649). The record shows that defendant was present when a second agreement to sell the guns was made and subsequently when the purchaser told all three that the guns were stolen. They discussed return of the money and each agreed to contribute equally to the refund. There was proof that all three defendants had been in the house from which the guns were stolen and knew the guns were there. The court charged that the evidence against this defendant was purely circumstantial. The charge correctly stated the rule with regard to circumstantial evidence, and we find that the proof, when taken in totality, was sufficient to sustain the verdict. We reject defendant's argument that the prosecution witness Seymour was an accomplice whose testimony required corroboration. To be an accomplice, the conduct must establish "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2, par [b]; see *People v Walker*, 87 AD2d 725, 726; *People v Aleschus*, 81 AD2d 696, affd 55 NY2d 775). The record shows that Seymour, who had known defendants previously, was told they found the guns while cleaning out a house, and that he paid for them and was given receipts. On these facts, there is nothing to connect Seymour with the theft or possession with intent to deprive the owner and benefit himself. The evidence was insufficient to enable the court, as a matter of law, to find that Seymour was defendant's accomplice (CPL 60.22; *People v Cobos*, 57 NY2d 798). To determine if a witness is an accomplice, the test is whether he can be indicted as a principal. There must be a showing that the witness took part in the preparation or perpetration of the crime with intent to assist therein, or that the witness counseled, induced or encouraged the crime (*People v White*, 26 NY2d 276, 278). The court's refusal to charge the jury with the accomplice rule requiring corroboration of his testimony was not error (see *People v Wood*, 94 AD2d 849). Defendant's final argument that prosecutorial misconduct requires reversal even in the absence of proper objection, must be rejected. Our examination of the record shows the challenged remarks upon summation to have been responsive to the summations of three separate defense counsel, and otherwise within the bounds of fair comment. While certain remarks might better have been left unsaid, we do not find error so egregious as to require reversal. The prejudice, if any, was insufficient to require a new trial (*People v Patterson*, 88 AD2d 694, 695). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.