■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERRERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered October 17, 1986, convicting him of arson in the second degree, reckless endangerment in the first degree (two counts), and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the People, we find that it is legally sufficient to support the defendant's conviction of the crimes charged (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The expert testimony adduced by the People established that the fire was incendiary in nature (see, People v Hoppe, 89 AD2d 670). The People's arson expert, an experienced fire marshal, properly offered his opinion that the fire was not mechanically, electrically, accidentally, or naturally caused, thus eliminating all nonsuspect causes (see, People v Maxwell, 116 AD2d 667, 668). His observation of the burn pattern and "puddling effect" at the point of origin on the defendant's kitchen floor indicated that the fire had been started with a flammable fluid. He also smelled a flammable liquid or vaporized fuel at the point of origin. The mere fact that the arson expert was unable to identify the accelerant used does not render the proof defective (see, People v Marin, 65 NY2d 741, 743).

In addition, the testimony of the defense expert was insuffi-

cient to create a reasonable doubt about the incendiary nature of this fire. Based on his examination of photographs of the scene, the defense expert hypothesized that the fire could be attributed to nonsuspect causes but conceded that he could not determine that the fire was nonincendiary without viewing the site.

The evidence tending to identify the defendant as the arsonist was equally compelling. Two prosecution witnesses saw the defendant enter his apartment minutes before the fire broke out. One witness saw the defendant leaving his apartment as flames escaped through his kitchen door. Although the evidence was circumstantial, it was so tightly woven that it cannot be said that the jury "leap[ed] logical gaps in the proof offered and * * * [drew] unwarranted conclusions based on probabilities of low degree" *(People v Benzinger,* 36 NY2d 29, 32).

The People's failure to disclose until the eve of trial certain oral statements made by the defendant to the police prior to the defendant's commission of the crime, although improper, does not constitute reversible error. The statements made by the defendant to the police were discoverable upon demand and the People were required to disclose these statements pursuant to CPL 240.20 (1) (a). The People's contention that the statements, which were concededly addressed to police officers, were not heard by them but were overheard by civilians is specious. Since the People were aware of these statements and intended to use them at trial, the statements should have been disclosed upon demand or a written refusal supplied.

Nonetheless, under the circumstances of this case, the failure to disclose the statements until the eve of trial did not constitute reversible error. The fact that the statements were not disclosed until the eve of trial, standing alone, does not establish that the defendant was prejudiced in his defense. Although it might have been useful to the defense to know earlier that the People possessed these statements, such knowledge would not have affected the verdict of the jury *(see, People v La Bombard,* 99 AD2d 851). Aside from the defendant's statements which touched on possible motive and intent, there was overwhelming evidence establishing the incendiary origin of the fire and the defendant's identity as the arsonist. Nor has there been a showing of intentional misconduct on the part of the prosecutor which would warrant the drastic remedy of reversal *(see, e.g., People v Keppler,* 92 AD2d 1032). In sum, the failure to disclose that the defendant made

voluntary noncustodial statements to the police prior to committing the crime was harmless error which does not require reversal *(see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.