■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH POLADIAN, Appellant.—Judgment unanimously affirmed. Memorandum: The sanction to be imposed for the

failure of the People to comply fully with discovery demands until the time of trial is within the sound discretion of the trial court *(see, People v Kelly,* 62 NY2d 516, 521). Here, considering the lack of bad faith on the part of the People and defendant's inability to articulate specific prejudice as a result of the untimely disclosure, we cannot conclude that the court abused its discretion by admitting a videotape of which the People had become aware during trial.

The court properly granted the People's motion to amend the indictment to correct an obviously erroneous designation of the degree of the offense *(see, People v Shannon,* 127 AD2d 863, *lv denied* 69 NY2d 1009). Defendant has failed to preserve for review his arguments that the indictment and the court's charge violated CPL 200.60, and we decline to reach this issue in the interest of justice. Upon our independent review of the record, we find that the conviction for attempted assault in the second degree is supported by sufficient evidence. Defendant cannot raise for the first time on appeal the argument that the factual allegations of the indictment charging criminal possession of a weapon in the third degree were insufficient *(see, People v Andrews,* 146 AD2d 787, 788). We decline to modify the sentence in the interest of justice. (Appeal from judgment of Supreme Court, Erie County, Rossetti, J.—attempted assault, second degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.