■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLIAMS, Appellant. [600 NYS2d 552] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of burglary in the second degree. The alleged instances of prosecutorial misconduct did not deprive defendant of a fair trial. The court sustained objections to questions posed to a defense witness

regarding defendant's prior violent conduct, thereby effectively eliminating prejudice to defendant. Although the prosecutor improperly commented upon defendant's failure to testify *(see, People v Mohammed,* 151 AD2d 1018, *lv denied* 74 NY2d 815), that isolated passing reference was not so egregious as to warrant a new trial.

The trial court did not abuse its discretion in permitting the People to present evidence of a property receipt issued to defendant at the time of his arrest. There was no demonstration that the People's untimely disclosure of the receipt was in bad faith, and defendant failed to establish specific prejudice that would warrant the remedy of preclusion *(see, People v Poladian,* 167 AD2d 912, *lv denied* 77 NY2d 881).

Defendant failed to preserve for appellate review his contention that the trial court unfairly marshalled the evidence during its final instructions to the jury *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351). In any event, there is no merit to that issue because the court did not marshal the evidence. It briefly commented upon some of the prosecution's evidence in explaining circumstantial evidence. Any deficiency in the court's instruction did not deprive defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665, 667). Likewise without merit is defendant's contention that the sentence is harsh or excessive. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.