■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. SCHROO, Appellant. [608 NYS2d 919] —Judgment unanimously affirmed. Memorandum: The failure of defendant to challenge the legality of the police stop of his vehicle in his motion to suppress precludes him from raising that issue on appeal (see, People v Martin, 50 NY2d 1029; People v Rhodes, 107 AD2d 769, lv denied 65 NY2d 699).

We reject the contention of defendant that the evidence found in his vehicle as the result of an inventory search should be suppressed. The procedure employed by the police when making the inventory search was conducted pursuant to New York State Police Rules and Regulations, was reasonably tailored to protect the seized property while it was in police custody, and was designed to limit police discretion (see, People

*v Galak,* 80 NY2d 715, 718-721). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.