■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD WATSON, Appellant. [624 NYS2d 710] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]) for knowingly and unlawfully possessing more than four ounces of cocaine and related drug paraphernalia on Novem-

ber 26, 1991 in the County of Ontario. We reject the contention of defendant that the suppression court erred in denying his motion to suppress the cocaine that the police found inside the door panel during an inventory search of the vehicle he was driving. The procedure employed in conducting the inventory search was "reasonably tailored to protect the seized property while it was in police custody, and was designed to limit police discretion" *(People v Schroo,* 199 AD2d 1010, *lv denied* 83 NY2d 858). The Trooper testified at the suppression hearing that the inventory search was conducted in accordance with the Rules and Regulations of the New York State Police. When the officer observed a white object in a hole in the door panel of the vehicle, he was justified in removing the object to determine whether it concealed a valuable that should be inventoried. Once the officer observed an object wrapped in tinfoil inside the hole in the door panel, he was justified in removing the panel to determine whether the object was either a valuable or a dangerous instrumentality. There is no proof that the search was motivated by a desire to discover incriminating evidence, rather than the lawful objectives that justify an inventory search, to wit, protecting the car owner's property and protecting the police from danger and claims of missing property *(see, People v Galak,* 80 NY2d 715, 718).

The People's failure to disclose until the eve of trial certain oral statements made by defendant to the police, although improper, does not constitute reversible error *(see, People v Herrera,* 136 AD2d 567, 568, *lv denied* 70 NY2d 1007). Those statements were discoverable upon demand and the People were required to disclose the statements pursuant to CPL 240.20 (1) (a). The People's delay in complying with the provisions of CPL 240.20 constitutes reversible error, however, only when the delay substantially prejudices defendant *(see, People v Herrera, supra; cf., People v Smith,* 190 AD2d 1022, *lv denied* 81 NY2d 976). The fact that the statements were not disclosed until the eve of trial, standing alone, does not establish that defendant was prejudiced in his defense. Although it might have been useful to the defense to know earlier that the People possessed those statements, we conclude that defendant was not substantially prejudiced by the prosecutor's delay and that any error was harmless *(see, People v Herrera, supra,* at 568-569).

Viewing the evidence in the light most favorable to the

People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that it is sufficient to establish that defendant had the requisite knowledge of the weight of the controlled substance possessed with respect to his conviction of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]; *see, People v Ryan,* 82 NY2d 497). Defendant was convicted under an aggregate weight statute and his knowledge of the weight of the substance "may be inferred from defendant's handling of the material, because the weight of the entire mixture, including cutting agents, is counted" *(People v Ryan, supra,* at 505; *see, People v McQueen,* 209 AD2d 995; *People v Porter,* 207 AD2d 993; *People v Dillon,* 207 AD2d 793; *People v Goss,* 204 AD2d 984, 986, *lv denied* 84 NY2d 826). Defendant was charged with possessing nearly 13 pounds of cocaine, an amount that far exceeds the statutory minimum of four ounces (Penal Law § 220.21 [1]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.