■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BENITEZ, Appellant. [634 NYS2d 328] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. There is no merit to the contention of defendant that County Court erred in admitting identification testimony of a police officer who observed him sell heroin to an undercover officer during a "buy-bust" operation because the People failed to serve a CPL 710.30 notice advising defendant of such testimony. The court properly found that the officer's identification of defendant at the prearranged meeting place a short time after the "buy-bust" occurred was merely confirmatory and, therefore, not subject to CPL 710.30 requirements *(see, People v Rodriguez,* 79 NY2d 445, 449; *People v Wharton,* 74 NY2d 921, 922-923; *People v Reed,* 197 AD2d 866, *lv denied* 82 NY2d 901; *People v Guzman,* 197 AD2d 705, *lv denied* 82 NY2d 896). Thus, no *Wade* hearing was required *(see, People v Wharton, supra; People v Polanco,* 179 AD2d 531, 532-533, *affd* 80 NY2d 1012).

We agree with defendant that the People's failure to disclose

the tape recording in a more timely manner was improper. The People's delay in complying with the provisions of CPL 240.20 constitutes reversible error, however, only when the delay substantially prejudices defendant (see, People v Watson, 213 AD2d 996; People v Herrera, 136 AD2d 567, 568, lv denied 70 NY2d 1007). The fact that the tape recording was not disclosed until approximately 10 days before trial, standing alone, does not establish that defendant was prejudiced in his defense (see, People v Watson, supra). Thus, the court did not abuse its discretion in refusing to impose any sanctions. (Appeal from Judgment of Monroe County Court, Connell, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.