■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE WILLIAMS, Appellant. [643 NYS2d 795] —Judgment unanimously affirmed. Memorandum: On March 4, 1993, defendant served the People with a demand to produce any tapes that the People intended to introduce at trial. On January 27, 1995, six days prior to trial, the People disclosed that they intended to introduce previously undisclosed 911 tapes. Defense counsel moved to preclude and, in the alternative, sought a

continuance to conduct an investigation into the identity of the 911 callers. County Court denied preclusion, but ordered that the People could not refer to the 911 tapes until defense counsel had an opportunity to conduct an investigation. The court further offered to sign an order to allow defense counsel to hire an investigator.

The failure of the People to disclose the 911 tapes in a more timely manner was improper (*see, People v Benitez,* 221 AD2d 965). The court did not abuse its discretion, however, in denying preclusion. Preclusion of evidence is too harsh a sanction "where less severe measures can rectify the harm done" (*People v Kelly,* 62 NY2d 516, 521; *see also, People v Beam,* 161 AD2d 1153). Preclusion is warranted only where the delay substantially prejudices defendant (*People v Benitez, supra,* at 966, citing *People v Watson,* 213 AD2d 996, *lv denied* 86 NY2d 804). In our view, imposing a less severe sanction than preclusion was within the sound discretion of the court (*see, People v Poladian,* 167 AD2d 912, 913, *lv denied* 77 NY2d 881).

We decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, LaMendola, J.—Assault, 2nd Degree.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.