Breitel, J.
Defendant appeals from his conviction for murder in the first degree (former Penal Law, § 1044, subd. 2). . The prosecution was for felony murder committed in a bank robbery. The principal issue is whether the jury should have been charged that a prosecution witness was an accomplice as a matter of law.
Defendant was convicted after a jury trial and sentenced to life imprisonment. The Appellate Division unanimously affirmed with an opinion.
The order should be reversed, and a new trial ordered. The jury must have been charged that the prosecution witness Berube was an accomplice and that his testimony would, therefore, have to be corroborated.
In March, 1965, defendant Beaudet, codefendants Pilón and Dupuis, and the witnesses Berube and Couture, all French Canadians from Montreal, were involved in a plan to rob the National Commercial Bank and Trust Company at Ellenberg Depot in Clinton County. The plan was carried out on March 22, 1965. Beaudet, Pilón, and Dupuis were driven by Couture across the border in a stolen car. The three donned ski masks and entered the bank carrying two sawed-off carbines and at least one pistol. One of them shot a teller twice, killing him, and the three left with about $4,000. They raced back to Canada, abandoned the car, and returned to Montreal.
Couture and Berube testified for the prosecution. The trial court instructed the jury that Couture was an accomplice and that his testimony would have to be corroborated, but left the issue as a jury question of fact whether Berube was also an accomplice. The extent of Berube’s participation, all developed from his own testimony, is crucial on this appeal.
At the time of trial, Berube was 23 years old. He already had “ several” felony convictions. Apparently he specialized in the stealing of automobiles and tractor-trailers. Berube met Couture and the three codefendants on several occasions at a bar in Montreal. Berube knew that plans were being made to rob a bank in the United States. Couture asked him to' steal a 1964, dark blue Buick Wildcat, and he agreed. Berube was to be paid $100 for the stolen car. Berube and Dupuis located an appropriate car at a shopping center. Berube unlocked the *374 car with a screwdriver, installed a connection switch given to him by Contnre, started the car and drove away. At first the car was shifted from place to place. Then, Berube drove it to his mother’s camp 33 miles from Montreal to be hidden until it was needed for the robbery. Later, Berube and defendant Beaudet stole two California license plates and put them on the Buick.
The plan included the use of firearms to get rid of ” anyone who “ tried to stop ” the robbery. On two occasions Berube accompanied Couture to Couture’s house to pick up two sawed-off carbines and at least one revolver. Berube on one occasion transported the weapons. When defendant and Berube were at Berube’s mother’s camp to change the license plates on the Buick, they tested a pistol.
Berube was asked more than once if he wanted to go along on the robbery, but he declined saying ‘ ‘ I am not interested in it.” In addition to the $100 for stealing the car, Couture promised Berube a “ gift ”. After the robbery Berube asked Couture and Dupuis for his money, but he was never paid.
There was evidence other than that provided by Berube and Couture linking defendant to the robbery. One Lamoreux testified that he purchased about $900 of American currency from Beaudet, and later testimony established that the serial numbers on some of the bills corresponded with those taken from the bank.
Defendant contends that it was prejudicial error not to charge the jury that Berube was an accomplice as a matter of law. The prosecutor contends that an issue of fact for the jury was raised by defendant’s statement that he was not interested in the robbery and his refusal to accompany the others in the bank robbery.
Under section 399 of the former Code of Criminal Procedure applicable at the time of the trial, ‘ ‘ A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime.” The definition of an “ accomplice ”, not provided in the code, has been judicially elaborated.
The familiar test is whether an alleged accomplice was so connected with the crimé that he could have been convicted as a principal or as an accessory before the fact (e.g., People v. *375 Wheatman, 31 N Y 2d 12, 22, cert. den. sub nom. Marcus v. New York, 409 U. S. 1027; People v. Cohen, 223 N. Y. 406, 425-426, cert. den. 248 U. S. 571; People v. Sweeney, 213 N. Y. 37, 46; People v. Zucker, 20 App. Div. 363, 365, affd. 154 N. Y. 770). To be an accomplice the witness must have taken part in the preparation or perpetration of the crime, with intent to assist in the crime (People v. White, 26 N Y 2d 276, 278; People v. Cohen, 223 N. Y., at p. 425, supra; People v. Zucker, 20 App. Div., at p. 365, supra). In short, it is sufficient that he “ criminally participated with the defendant in the commission of the crime ” (People v. Rossi, 11 N Y 2d 379, 383).
For example, in People v. Elbroch (250 App. Div. 583), relied on by defendant, the court held that a prosecution witness, Blauner, was an accomplice as a matter of law. Blauner testified that he had been present when a kidnapping plot involving eight conspirators was discussed; that he went with another to buy a truck used in the plan; that he “ cased ” the victim’s place of business; that he transported defendants to an assembly point immediately before the kidnapping; and that, after the kidnapping, he was given $250 of the ransom money. Blauner, however, was not present when the victim was seized, possibly because he was known to the victim. (250 App. Div., at p. 588, supra.) Thus, to be an accomplice, as stated above, it is enough to assist in the preparation of the crime, and one need not be present at nor direct the act completing the crime (see, also, People v. Bell, 32 A D 2d 781, 782). Specifically, it has been held that one may be guilty of felony murder, even if one were some distance from the scene of the crime at the time of the killing (see People v. Lunse, 278 N. Y. 303, 312; People v. Michalow, 229 N. Y. 325, 330).
The prosecution relies primarily on cases establishing that to be an accomplice one must intend to assist in the crime (e.g., People v. Wheatman, 31 N Y 2d 12, 22, supra; People v. Cohen, 223 N. Y. 406, 425, supra). Intent to commit a crime in this instance, however, may be inferred from Berube’s various acts in the preparation for the robbery.
The cases People v. Cohen (supra) and People v. Swersky (216 N. Y. 471), cited by the parties, are not particularly helpful. In the Cohen case, defendant Cohen had initiated various plans and had hired a succession of men to frighten or kill one *376 Baff. Eventually Baff was shot and defendant was convicted. One Sorro had been indicted for an initial attempt to frighten BaiL by plaóing a bomb that never went off on Baff’s porch. (223 N. Y., at p. 417, supra.) Sorro either did not know about or refused to participate in later plans to frighten or kill Baff, including the one that resulted in his death (id., at p. 425). The court held that as a matter of law Sorro was not an accomplice, reasoning that it did not follow that one who was involved in an initial plan to frighten Baff also took part in a later plan to kill him (id., at pp. 424-426). In the Swerskp case, the crime charged was poisoning a horse of an ice cream dealer. One Erlichman was a member of an ice cream dealers association responsible for poisoning horses of nonmember competitors. There was evidence that Erlichman paid money to the association to be used for poisoning, but there was also evidence that he did not do so willingly (216 N. Y., at p. 475, supra). Under the circumstances, the court held that it was for the jury to decide whether Erlichman was an accomplice.
If the undisputed evidence, contrary to the situation in the Cohen and Swersky cases (supra) establishes that a witness is an accomplice, the jury must be so instructed. Only if different inferences may be drawn from the evidence regarding complicity should the question he left to the jury. (E.g., People v. Wheatman, 31 N Y 2d 12, 22-23, supra; People v. Clougher, 246 N. Y. 106, 111; People v. Elbroch, 250 App. Div. 583, 589, supra; People v. Santo, 43 Cal. 2d 319, 326; 3 Wharton’s Criminal Evidence [13th ed.], § 645, p. 347.) Where, as a matter of law, the witness is an accomplice, failure to so charge has been said to be harmful error (People v. Jenner, 29 N Y 2d 695, 696-697; People v. Diaz, 19 N Y 2d 547, 549-550; but see State v. Gowin, 241 Ore. 544, 547-549 where accomplice status was improperly left by the trial court as an issue of fact for the jury, hut the appellate court sustained the conviction on the theory that the evidence of the witness’ complicity was so overwhelming that the jury must he presumed to have found the witness an accomplice, and, therefore, defendant was not prejudiced by the erroneous instruction). (See, generally, Ann., Accomplice — Question of Law or Fact, 19 ALR 2d 1352,1362-1369, 1374-1379.)
A case similar on its facts to the instant case is People v. Dailey (179 Cal. App. 2d 482). There, a prosecution witness *377 who participated in the planning and preparation of a burglary, but not in its actual execution, was held to be an accomplice as a matter of law. The court stated: “ The record shows that Meyers, by his own testimony (and his was the only testimony corroborative of that given by Thompson), knew what was being planned; that he actively participated in the planning; that he assisted in attempting to locate a ladder — even offered the use of his own; that he knew that a means of transportation was necessary and, with that knowledge, permitted the use of his car, thereby making the whole so-called £ caper ’ possible; and that following the commission of the crime he knowingly stored the stolen articles in his home. In view of such uncontradicted facts, there can be no question that Meyers * * * was an accomplice as a matter of law.” (179 Cal. App. 2d, at pp. 485-486, supra; see, also, Smith v. State, 140 Tex. Cr. Rep. 301).
In this case, the witness Berube knew that an armed robbery was to be committed. He assisted in the preparation by stealing an automobile, license plates, changing the license plates, providing a place to store the car, and testing a weapon. He expected to be paid for stealing the car and expected a further “gift” after the robbery. Under the circumstances, even though the witness did not participate in the actual robbery, and had always said he “was not interested”, he could have been convicted as a principal by his knowing aid in providing the means to commit the robbery.
Under the common rubric that one intends the consequences of his act, it may be said that Berube intended to aid the robbery. He knew that his assistance would facilitate the commission of the crime, and his distaste for being involved in the dangerous execution of the final stages does not make his intention the less. The kind of conduct which may not make a mere facilitator an abettor is that confined to preparation so attenuated from the final stages that the role of the facilitator is only remotely related as a cause or contributor to the ultimate crime. The line is not easy to draw. In some instances the evidence will establish the facilitator to be not an abettor as a matter of law, especially if his conduct is-lawful and in the ordinary course of his business or occupation, in other cases leave it as a question of fact, and in still others involve' the facilitator as an abettor as a matter of law. -
*378 To provide untraceable means of transportation, weapons, and the testing of weapons, is not attenuated conduct. Such knowing participation in preparation is a substantial factor in effecting the ultimate crime and would support a conviction for that crime. If so, the' actor is an accomplice as a matter of law.
Although not applicable to this appeal, the definition in the new Criminal Procedure Law of accomplice whose testimony must be corroborated is of interest. Subdivision 2 of section 60.22 defines an “ accomplice ” as “a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) the offense charged; or (b) an offense básed upon the same or some of the same facts or conduct which constitute the offense charged.” As the commentary by Professor Denzer points out, this provision was intended to broaden the common-law definition of an accomplice by the inclusion of paragraph (b) (Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 60.22, pp. 194-195). If the section were applied, however, it would not change the result in this case, as the facts concerning Berube would at least fall under paragraph (a).
That the witness Berube believed himself to be “ in some way criminally implicated ” is illustrated by his statement on cross-examination. Asked why he had named the others to the police, Berube stated, “ I was thinking of saving my life a little bit * * * I know in Montreal [for robbery and murder] they put a noose around your neck and they push the button ”. An accomplice always has a personal motive to put more of the blame on someone else.
Defendant also contends that his motion for a separate trial Was improperly denied because of the confusion resulting from the introduction of evidence usable only against other defendants. Since a new, separate trial would be required because of error in the charge oh Corroboration, it is not necessary to reach the issue. If reached, the exercise of discretion by the trial court would have been sustained.- The situation as to the codefendant Pilón, who has been granted a new trial, was different from that of Beaudet in the kind and greater quality of evidence received against Beaudet (see People v. Pilon, 30 A D 2d 365).
Accordingly, the order of the Appellate Division should be reversed and a new trial directed.
*379 Chief Judge Fuld and Judges Burke, Jasek, Jokes and Wachtler concur; Judge Gabrielli taking no part.
Order reversed, etc.