■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DANIEL SMALL, Appellant.—Appeal from a judgment of the County Court of Delaware County, rendered March 29, 1976, upon a verdict convicting the defendant of the crimes of attempted arson and conspiracy to commit arson. On January 2, 1975 the Arlington Hotel located in the Village of Fleischmanns in Delaware County was destroyed by fire. Thereafter, the defendant and others were indicted for arson in the third degree and for conspiracy in the second degree in connection with the fire. The defendant was later tried alone and none of the others indicted testified at his trial. Only two witnesses gave testimony which tended to connect the defendant with the crimes charged—Timothy Davis and Robert Powell. The jury convicted the defendant as charged and defendant now appeals. The defendant's several contentions on appeal may be condensed into two basic legal questions: (1) were the witnesses Davis and Powell accomplices as a matter of law, thereby requiring that their testimony be corroborated in order to sustain defendant's conviction, and (2) did the trial court's instructions to the jury, in defining an accomplice, fail to conform to CPL 60.22, thereby requiring a

---

* The complainant had been brought from another bar to the Emerald Lounge by the defendant and his friend Nertney. There is some question whether she consented or was forced to go to the Emerald Lounge with them. It is clear, in any event, that she was dependent upon them for transportation home.

reversal of the defendant's conviction. Before determining whether Davis and Powell were accomplices as a matter of law, we first must examine the definition of an accomplice. At common law an accomplice was defined as a person "so connected with the crime that he could have been convicted as a principal or as an accessory before the fact" *(People v Beaudet,* 32 NY2d 371, 374; *People v Wheatman,* 31 NY2d 12, 22, cert den *sub nom. Marcus v New York,* 409 US 1027; *People v Cohen,* 223 NY 406, 425–426, cert den 248 US 571; *People v Sweeney,* 213 NY 37, 46). This definition was judicially elaborated and then was broadened with the enactment of CPL 60.22 which defines an accomplice as follows: "2. An accomplice means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged." With this definition in mind, we next need to examine the role of Powell and Davis, according to the evidence adduced upon the trial. On January 2, 1975 the witnesses Davis and Powell were with the defendant and others prior to the fire. Referring firstly to the witness Davis, the evidence establishes that he heard the conversation when the arson was being discussed; that he saw one Hanson pour kerosene into two coke bottles; that he accompanied the defendant and others in a car operated by the defendant's brother, Alan Small, to a point near the hotel and that he guessed he and Alan, who both remained in the car, could be considered lookouts. He denied that he participated in any manner in helping execute or in planning the arson. Powell's testimony was similar. He heard the conversation when the arson was being planned; he observed a bottle, the contents of which he thought to be kerosene; he rode in the car to the point near the hotel where the defendant and others left and he remained at the car. He denied that he was acting as a lookout and testified that he accompanied the others just for the ride. Based upon this evidence, we are unable to conclude, as the defendant urges, that the witnesses Davis and Powell were accomplices as a matter of law. The testimony here was clearly susceptible to differing interpretations and where, as here, different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination *(People v Basch,* 36 NY2d 154, 157; *People v Beaudet, supra,* p 376; *People v Wheatman, supra,* pp 22–23). The defendant's attempt to distinguish *Basch (supra)* from the case at bar is not impressive and is apparently bottomed upon the testimony of Powell who, when cross-examined, responded that "I guess you could consider us lookouts". However, there is no evidence that he was asked to be or directed to be a lookout and his testimony that he might be considered a lookout does not make him one nor does it make him an accomplice as a matter of law, but rather presents a factual issue for the jury. Of course, if the undisputed testimony established that either of the witnesses was, by prearrangement, keeping watch to avoid interception or detection or to provide warning during the perpetration of the crimes and thereby participating in the offenses charged, then we would hold that he was an accomplice as a matter of law *(People v Basch, supra).* The case of *People v Beaudet (supra)* provides no assistance for the defendant. While there, as here, the witness knew a crime was to be committed and did not actually participate in the crime itself, there the witness assisted in the preparation by stealing an automobile and license plates for the active participants. He expected to be paid for this and to share, to some degree, in the fruits of the crime and he provided the means to commit the robbery, thus falling within the then definition of an accom-

plice as a matter of law. The trial court was correct in refusing to find Powell and Davis were accomplices as a matter of law and in submitting that issue to the jury for its determination. However, we find that the court did err in its charge to the jury. Contrary to the statutory directive of CPL 60.22, the court charged "that an accomplice is a person who criminally participated with the defendant in the commission of the crime charged and all the elements of it" and then specifically contradicted section 60.22 when he further charged "and even if he is proved an accomplice of the defendant in a lesser crime, that does not necessarily make him one of the more serious crime arising out of the same acts". Near the end of his charge the court did present the correct definition by reading CPL 60.22 verbatim. After completion of his direct charge and after defense counsel excepted to the erroneous part of the charge, the court again read CPL 60.22 to the jury, but did not in any way refer to or differentiate it from his earlier erroneous instruction. Later, after the case was submitted to the jury and after it returned requesting instructions as to the definition of an accomplice, the court repeated a substantial portion of its earlier patently incorrect instruction. Under these circumstances, it cannot be said, as the People urge, that no "defect influenced the jury and tainted its verdict" *(People v Kingston,* 8 NY2d 384, 387). A strikingly similar situation to the one at bar occurred in *People v Kelly* (302 NY 512) where the Court of Appeals stated (p 517): "We are asked to assume that the jurors, faced with two opposite and mutually exclusive charges as to the rule, had the wit and ability, with unanimity, to adopt the right one and reject the wrong one. We think the statement of the thought contains its refutation". We find no merit to the People's attempt to distinguish *Kelly (supra).* Arson and conspiracy are serious crimes and the error here went to the heart of the real, if not sole, issue and a new trial must be granted. Judgment reversed, on the law, and a new trial ordered. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.