■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KOZIUK, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 30, 1980, convicting him of petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J.P., Cohalan and O'Connor, JJ., concur.

Gibbons, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: The court failed to charge CPL 60.22, which defines an accomplice as follows: "2. An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged." Instead the court charged: "You have heard testimony at this trial from a witness, Gilbert Comacho. *'Accomplice' is defined as a person who* criminally participates *with the defendant in the commission of the crime charged.* I charge you that *as a matter of law Gilbert Comacho was an accomplice."* (Emphasis added.) Obviously, if the court found, as a matter of law, that Comacho was an accomplice, that is, one who by its definition "criminally participates with the defendant in the commission of the crime charged", then the court has usurped the function of the jury in determining for it that the defendant participated in the crime. The court's function was to define the term "accomplice" in accordance with the statute. The court went further than inculpating the witness as a matter of law. It, as a matter of law, found defendant a participant in the crime. This was error (see *People v Small,* 55 AD2d 994).