■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WASHINGTON, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant claims that statements made by him to the police while he was in custody and after he had asked to see an attorney were improperly admitted against him at trial. Because defendant's right to counsel had indelibly attached and could not be waived in the absence of counsel (see *People v Cunningham,* 49 NY2d 203), any statement made by defendant, even if voluntary, would have to be suppressed unless the statement was a spontaneous declaration. Of course, "the spontaneity has to be genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" *(People v Maerling,* 46 NY2d 289, 302-303). While being transported in a police vehicle to the Town of Greece police precinct, defendant asked "What's this all about?" A police sergeant replied "Relax. We'll talk about it when we get to the precinct." Defendant then made a statement to the effect that he thought he knew what it was about and asked whether it involved a white prostitute from Greece. The sergeant replied "Maybe," to which defendant responded that she had "ripped a guy off for forty dollars" and that he had given both of them a ride and dropped her on Main Street and him at Main and State Streets. That statement, although exculpatory in nature, was inconsistent with defendant's testimony at trial and thus severely undercut his credibility. It is undisputed

that defendant initiated the remarks and that they were not the product of police interrogation. To the contrary, Officer Degnan's comment to relax and wait until they get to the precinct, and his equivocal reply of "maybe" in response to defendant's question about a prostitute seem designed to discourage rather than encourage further remarks by defendant. The test of spontaneity under these circumstances is not whether the police officer's intention was to elicit an inculpatory response, but whether, when viewed objectively, the statement "can be said to have been triggered by police conduct which should reasonably have been anticipated to evoke a declaration" *(People v Lynes,* 49 NY2d 286, 295; see, also, *People v Roucchio,* 70 AD2d 322, 325, affd 52 NY2d 759; *People v Howard,* 62 AD2d 179, affd 47 NY2d 988). The comments of the police officer in response to defendant's remarks cannot be construed as a form of questioning "of even the most subtle or latent kind" *(People v Roucchio, supra)* and thus we find the statement to be spontaneous. "No court has yet held that a police officer must take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminatory statement within his hearing" *(People v Kaye,* 25 NY2d 139, 145; see, also, *People v Lenahan,* 75 AD2d 185). After his arrival at the precinct, defendant asked several times to see a police officer whom he had known previously and told him he wanted to talk with him. The police officer told him that he couldn't talk with him inasmuch as defendant had requested to see an attorney. When defendant persisted, the officer took him into a room used for interrogation and after the officer again told defendant he could not "legally" speak with him, defendant made essentially the same statement he had made earlier in the police vehicle. Viewed in isolation, that statement would have to be suppressed as "the product of an 'interrogation environment'," or "the result of 'express questioning or its functional equivalent' (cf. *Rhode Island v Innis,* 446 US 291, 300-301)" *(People v Stoesser,* 53 NY2d 648, 650). However, in view of the fact that the statement was essentially the same as the spontaneous statement in the police vehicle, its effect was merely cumulative and the error harmless *(People v Crimmins,* 36 NY2d 230, 237). We have reviewed the other points raised by defendant and find them to be without merit. (Appeal from judgment of Monroe Supreme Court, Boomer, J. — sodomy, first degree, etc.) Present — Simons, J.P., Hancock, Jr., Callahan, Doerr and Denman, JJ.