■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD H. SAWYER, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder, robbery and burglary. He asserts on appeal that the court erred in denying his motion to suppress statements made at the police station that he was at the victim's house on the night of her death. The evidence supports the suppression court's finding that defendant voluntarily accompanied officers to the police station and was therefore not in custody and entitled to *Miranda* warnings when the statements were made (see *United States v Mendenhall,* 446 US 544; *People v Johnson,* 98 AD2d 952). Defendant also claims that the court erred in failing to suppress inculpatory statements made at his arraignment after he had requested an attorney. Defendant's right to counsel had attached when he made the statements in question (see *People v Cunningham,* 49 NY2d 203; *People v Cooper,* 101 AD2d 1, 14). After the right to counsel attaches, the police may not engage in interrogation or its functional equivalent (*People v Rivers,* 56 NY2d 476, mot for rearg den 57 NY2d 775; *People v Lanahan,* 55 NY2d 711). A review of the testimony at the suppression hearing reveals, however, that the arraigning Justice's questions were not posed to solve the crime or to gather evidence against the defendant for his trial (*People v Krom,* 61 NY2d 187, 198), but were instead asked to determine whether defendant had already retained an attorney and whether he wished to speak to his family. Inasmuch as defendant's statement was "not the result of inducement, provocation, encouragement or acquiescence", it was genuinely spontaneous and therefore admissible (*People v Maerling,* 46 NY2d 289, 302-303; *People v Washington,* 84 AD2d 938). Further, the arraigning Justice was not "engaged in law enforcement activity" under CPL 60.45 (subd 2, par [b]).

At trial, the principal prosecution witness was defendant's girlfriend, who testified that she and the defendant visited the victim on the night of the murder. After leaving the house, defendant informed her that he had to return because he had forgotten something. Defendant rejoined her 5 to 10 minutes later and handed her various items of jewelry and money. The girlfriend testified that at this time she realized that defendant had probably robbed the victim. On this record, we agree with defendant that the court erred in failing to charge that the girlfriend was an accomplice as a matter of law. She participated

in an offense (criminal possession of stolen property) based upon the same or some of the same facts or conduct which constituted the offense on trial (CPL 60.22, subd 2, par [b]; *People v Berger,* 52 NY2d 214, 219; *People v Ramirez,* 94 AD2d 965). Considering the overwhelming evidence of defendant's guilt, however, we conclude that the error was harmless (see *People v Crimmins,* 36 NY2d 230).

We have examined defendant's other arguments and find them to be without merit. (Appeal from judgment of Oneida County Court, Darrigrand, J. — murder, second degree, and other charges.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.