OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 The trial court erred in refusing to submit to the jury, for purposes of the corroboration statute (CPL 60.22 [2] [b]), the question whether a prosecution witness was an accomplice to the charged crimes.
 

 Defendant was indicted for the crimes of murder in the second degree and criminal possession of a weapon in the second degree. At trial, the People’s principal witness, Gerald Mullahey, testified that defendant ran a drug operation; that two months prior to the death of the victim Melendez, defendant was approached on two occasions by strangers who wished to purchase narcotics; and that each prospective customer identified Melendez as the person who had informed him that defendant sold drugs. Mullahey also testified that defendant told him that Melendez was "talking to a cop” about drug sales by one of defendant’s friends. Moreover, on two occasions, according to Mullahey, defendant complained that Melendez had a "loose mouth” and was "putting our business out in the street.” A week before the murder, Mulla
 
 *987
 
 hey said, defendant referred to Melendez and stated that he was going to "have to hurt the kid.” Finally, Mullahey testified that, shortly before the murder and at defendant’s request, he placed two guns — one of which belonged to defendant — in defendant’s sister’s car which was later used to transport Melendez to the murder site. A ballistics test matched a spent bullet recovered from the scene of the crime with a bullet from defendant’s gun.
 

 A witness may be an accomplice for purposes of the corroboration statute if, according to the evidence, he "may reasonably be considered to have participated in * * * [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged” (CPL 60.22 [2] [b]). Here, different inferences reasonably may be drawn from the proof adduced at trial as to Mullahey’s complicity in preparing for the murder of Melendez
 
 (see, People v Dorler,
 
 53 NY2d 831;
 
 People v Basch,
 
 36 NY2d 154, 157), and the accomplice role should have been given to the jury for its consideration.
 

 Defendant’s remaining contentions are unpreserved.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.