■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LYON, Appellant.—Judgment unanimously affirmed. Memorandum: From our examination of the record, we conclude that there was sufficient evidence corroborating the testimony of the accomplice Sidney Wright to " 'connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth' " (People v Moses, 63 NY2d 299, 306, quoting People v Daniels, 37 NY2d 624, 630; CPL 60.22). Additionally, we find no merit to defendant's contention that the court should have charged the jury that the People's witness, Wallace Gary Williams, was an accomplice. There was no evidentiary showing that Williams took part in the preparation or perpetration of the crimes or by counseling, inducing or encouraging the crimes (see, People v Torello, 94 AD2d 857). Further, Williams' pur-

chase of property stolen as part of the burglary does not make him an accomplice *(see, People v Brooks,* 34 NY2d 475).

We also do not agree with defendant's assertion that Trial Term erred in its refusal to grant a mistrial as the result of an in-court outburst by the victims' son at the close of defense counsel's summation. The trial court after this outburst conducted a voir dire of the individual jurors, with both counsel present and assisting in the inquiry, and was assured that they could render an impartial verdict. A trial court's decision not to grant a mistrial will be sustained, unless it is clearly an abuse of discretion *(People v Ortiz,* 54 NY2d 288, 292). As the trial court determined that there was no prejudice resulting from this outburst, it properly denied defendant's motion for a mistrial *(People v Goldfeld,* 60 AD2d 1, 10).

Defendant in his *pro se* brief asserts that he was denied a fair trial by the prosecutor's misconduct in his summation. No objections were raised to any of these errors; therefore, they have not been preserved for our review *(People v Dawson,* 50 NY2d 311, 324; *People v Rubin,* 101 AD2d 71, 78). Further, though the prosecutor impermissibly bolstered his own witnesses' testimony and impugned the defense, we cannot say that defendant was deprived of a fair trial *(see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837). This misconduct also was of defendant's own making as the result of defense counsel's summation attacking the veracity of the prosecution's witnesses *(see, People v Banks,* 124 AD2d 1064, *lv denied* 69 NY2d 824, *cert denied* — US —, 108 S Ct 111).

We have reviewed the remaining contentions raised by defendant *pro se* and by appellate counsel and find them to be without merit. (Appeal from judgment of Steuben County Court, Finnerty, J.—murder, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.