■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. FORT, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly declined to suppress the items taken by the police from the automobile driven by the accomplice, Theresa Hall Williams. The stop was justified because the police had knowledge that the automobile was being driven with improper license plates. The seizure was proper as the product of a valid inventory search (People v Gonzalez, 62 NY2d 386, 390). The court was correct in refusing to charge the jury that the witness, Deborah Hall, was an accomplice as a matter of law. There was no evidence that she had participated in the burglary and it was a question for the jury to decide whether she had knowledge that the gifts she received were stolen during the burglary. Moreover, absent proof that a person guilty of criminally receiving stolen property aided the thief in the commission of the larceny, the receiver is not an accomplice of the thief (People v Brooks, 34 NY2d 475, 480). The testimony of Deborah Hall, as well as the testimony of the police witnesses, sufficiently corroborated the testimony of the accomplice, Theresa Hall Williams. We find no error in the court's charge on corroboration and on recent exclusive possession of the fruits of a crime. We have considered the other issues raised by defendant and we conclude that they lack merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—grand larceny, second degree, and another charge.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIVERS, Appellant.—Judgment unanimously affirmed. Same memorandum as in People v Fort (145 AD2d 983 [decided herewith]). (Appeal from judgment of Onondaga County Court, Gorman, J.—burglary, second degree, and other charges.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.