■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON TUCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered November 20, 1985, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 17, 1984, Fermin Pavia was shot to death in the course of an attempted robbery. Testimony of the defendant's three accomplices indicated that the defendant participated in the robbery and actually fired the shot that killed Pavia. The question raised is whether a fourth individual present at the scene should have been deemed an accomplice as a matter of law by the trial court (see, CPL 60.22 [2]).

Noel Padilla testified that in the early morning hours of the day in question, he, the defendant, Kevin Gamble, Michael Hines and Neal Holliday were present in Padilla's car. They were stopped at a gas station when they observed two pedestrians. Padilla, who was driving, followed the men and pulled up behind them, at which time the defendant (who had a gun), Hines and Gamble got out of the car. Padilla, who remained behind the wheel, heard the defendant say "This is a stick-up". The two pedestrians started to run and Padilla heard a shot. When the three men got back in the car, the defendant admitted to Padilla that he had shot one of the pedestrians. This account was confirmed by the testimony of Hines and Gamble, both of whom stated that they actually observed the defendant do the shooting.

Neal Holliday testified that he remained in the car at the time of the robbery. He stated that his eyes were closed and that he merely believed that Padilla was driving Hines home. The car stopped and he observed the defendant, Hines and Gamble get out. Holliday indicated that he thought that they had arrived at Hines' home. He then heard a noise "like a firecracker" and the three men got back in the car.

The trial court charged the jury that Hines, Gamble and Padilla were accomplices as a matter of law. The court also permitted the jury to determine, as a question of fact, whether Holliday was an accomplice. This was correct. There was no evidence adduced at trial demonstrating that Holliday participated in planning the robbery, or that he had been aware of any criminal enterprise when he entered the car (see, People v Tucker, 72 NY2d 849, 850). Under the facts of this case, different inferences may reasonably be drawn from the proof regarding Holliday's complicity once he was present in the car. As such, the issue was appropriately left for the jury to decide (see, People v Cobos, 57 NY2d 798; People v Basch, 36 NY2d 154).

We additionally find that it was proper for the trial court to instruct the jury that if they found that Holliday was not an accomplice, then they could rely on his testimony as corroborating the testimony of the actual accomplices in the case (see, People v Glasper, 52 NY2d 970; People v Hudson, 51 NY2d 233; People v Rodriguez, 137 AD2d 565).

The defendant additionally argues that he was deprived a fair trial because of the ineffective assistance of trial counsel. The defendant, however, has failed to allege in what manner trial counsel's representation was "less than meaningful" (see,

*People v Rivera*, 71 NY2d 705, 708). The defendant's argument in this regard is therefore patently without merit, a conclusion that is supported by a review of the record in this case.

The defendant's argument that he was deprived of a fair trial by the prosecution's purported failure to timely disclose the transcript of the Grand Jury proceeding is belied by the record. Although the bulk of the transcript was properly disclosed prior to opening statements *(see,* CPL 240.45), during the testimony of Padilla, who was the first prosecution witness, it became apparent that a portion of the transcript had inadvertently not been disclosed. This portion apparently contained Padilla's waiver of immunity. This was immediately handed over to defense counsel, who reviewed the material during a recess in the trial. There is absolutely no showing that the defendant was prejudiced by the delay in producing the entire transcript of the Grand Jury proceeding and accordingly, his argument in this regard is entirely without merit *(see, People v Ranghelle,* 69 NY2d 56, 63).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, have been considered and determined to be without merit. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.