◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORILLO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered April 23, 1986, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of two counts of robbery in the first degree stemming from an incident which occurred in the early morning hours of April 27, 1985, in a parking lot in Brentwood, Suffolk County. At the time and place in question, four men forcibly stole a tape deck from a group of six individuals, one of whom was stabbed in the course of the robbery. The chief prosecution evidence was supplied by the testimony of two witnesses, Felicia Harris and Evelyn McArthur. On the date of the incident, McArthur, the defendant and three other males were passengers in a car operated by Harris. When Harris stopped at a local Jack in the Box restaurant, the defendant and the other three males exited the vehicle. The men expressed their intent to steal a radio from a group they had passed on their way to the restaurant. Both Harris and McArthur claimed to have tried without success to dissuade the men from executing their plan. A short time later, the defendant and the other men returned to the car with a radio. Harris then drove the group to a local schoolyard where they played the radio for about a half hour. Then Harris drove everyone home. The police recovered a radio and a knife from Harris's car.

We reject the defendant's contention that the court erred in failing to charge the jury that Harris and McArthur were

accomplices as a matter of law and that their testimony required corroboration pursuant to CPL 60.22. Furthermore, we are of the opinion that upon the evidence adduced at trial no jury question was presented as to McArthur's accomplice status. Therefore, we affirm.

In order for a witness to be deemed an accomplice as a matter of law for purposes of the corroboration rule (CPL 60.22 [1]), the evidence presented must demonstrate that the witness participated in (a) the offense charged or (b) an offense based upon the same or some of the same facts or conduct which constitute the offense charged (CPL 60.22 [2]). Thus, the defendant was entitled to a charge that Harris and McArthur were accomplices as a matter of law only if on the evidence presented the jury could reach no other conclusion than that they participated in the offense charged or an offense based upon the same or some of the same facts or conduct within the statutory definition *(see, e.g., People v Cobos,* 57 NY2d 798, 801; *People v Tusa,* 137 AD2d 151, 156).

Application of this definition to the facts of the instant case demonstrates that no rational trier of fact could conclude that McArthur was a participant in the robbery. The only evidence adduced was that McArthur was a passenger in the car operated by Harris to which the actual perpetrators of the robbery returned upon the completion of their crime and in which the fruit of the robbery, i.e., a radio, was transported. By her own admission, McArthur took the radio out of the car when the group reached a local schoolyard and, together with the other occupants of the vehicle, listened to the radio for a brief period. The record is devoid of proof from which it can be inferred that McArthur had planned the robbery or had, in any way, knowingly facilitated its commission. Nothing in the testimony adduced at trial controverted McArthur's account that she was an unwilling bystander to the crime of robbery. Nor is there any direct proof that Harris participated in the robbery charged. However, the evidence with respect to Harris, particularly the use of her car to transport the perpetrators of the robbery and the fruits of the crime, is reasonably susceptible of differing inferences and the trial court properly submitted to the jury the question of whether Harris was an accomplice as a question of fact *(see, People v Vataj,* 69 NY2d 985, 987; *People v Basch,* 36 NY2d 154, 157; *cf., People v Jones,* 73 NY2d 902).

The issue remains as to whether either Harris's or McArthur's conduct falls within the scope of CPL 60.22 (2) (b), i.e., that they were accomplices as a matter of law on the ground

of having participated in an offense based upon some of the same facts or conduct which constitute the offense charged. Our dissenting colleagues believe that these witnesses come within the sweep of paragraph (b) because the record contains evidence which would be legally sufficient to sustain a charge of criminal possession of stolen property. We do not adopt such an expansive interpretation of the statutory corroboration rule. Authority exists in the decisional law that absent proof that a person who receives stolen property actually aided or participated in the perpetration of the larceny, the receiver is not an accomplice in a prosecution for the theft of those goods *(see, People v Brooks,* 34 NY2d 475, 480; *People v Fort,* 145 AD2d 983; *People v Lyon,* 134 AD2d 909). To the extent that *People v Sawyer* (107 AD2d 1045), a decision of the Appellate Division, Fourth Department, referred to in the dissenting memorandum, holds to the contrary, we decline to follow it. In any event, *People v Fort (supra)* and *People v Lyon (supra),* two recent decisions of the Appellate Division, Fourth Department, while not specifically overruling *People v Sawyer (supra),* call into question its continued validity. Had the defendant been on trial for criminal possession of stolen property, Harris and McArthur would be accomplices as a matter of law. However, the defendant was here charged with the separate and distinct crime of robbery which was completed before the crime of criminal possession of stolen property was committed. Thus, even under the broad definition set forth in CPL 60.22, neither Harris nor McArthur should be deemed the defendant's accomplices as matter of law for the purpose of requiring corroboration of their testimony on the strength of their complicity in the crime of criminal possession of stolen property *(see, e.g., People v Vataj,* 121 AD2d 756, 757-758, *revd on other grounds* 69 NY2d 985, *supra; People v McAuliffe,* 36 NY2d 820, 822; *People v Tusa, supra,* at 157-158).

For these reasons, we conclude that the trial court properly declined to charge that either Harris or McArthur was an accomplice as a matter of law and further refused to submit to the jury the issue of whether McArthur was an accomplice as a question of fact.

We have considered the defendant's remaining contention and find it to be without merit. Thompson, Bracken and Spatt, JJ., concur.

Mangano, J. P., dissents and votes to reverse the judgment, on the law, and order a new trial, with the following memorandum, in which Eiber, J., concurs: The defendant's convic-

tion of robbery in the first degree, arose out of an incident which occurred during the early morning hours of April 27, 1985, in the Brent City Shopping Center parking lot in Suffolk County. At that time, four men forcibly took a tape deck from a group of six persons, including one William Hernandez, who was stabbed during the altercation. None of the victims could positively identify the defendant as one of the attackers. The most damaging testimony against the defendant was supplied by two prosecution witnesses, Felicia Harris and Evelyn McArthur. On the night in question, McArthur, the defendant, and three other males were passengers in a car driven by Harris. On the way toward a Jack in the Box restaurant, they all noticed "about three guys and two girls * * * walking" and carrying a loud radio. Upon reaching the restaurant, the defendant and the other males in the car openly expressed their intent to find the group that they had seen walking, and steal the radio. Both Harris and McArthur testified that they tried to dissuade the defendant and the three other males from their proposed course of action, but to no avail. A short time later, the defendant returned to the car with the same radio that they had seen earlier. Both Harris and McArthur testified that they knew the radio was stolen. Harris then drove the group to a local high school, where they all got out of the car with the radio, sat on a running track, and listened to the music for a half hour. Indeed, McArthur specifically testified that she took the radio out and was playing it. Harris then drove everyone home. The radio was left in Harris's car pursuant to the defendant's instruction that she "hold it". The radio was subsequently recovered by the police from Harris's car.

On the instant appeal, the defendant argues that the trial court committed reversible error when it denied his request that it charge the jury that both Harris and McArthur were accomplices as a matter of law. We agree with the defendant's argument.

Initially, we note that from the time the car reached the Jack in the Box restaurant until the defendant and his companions returned to the car with the radio, which Harris and McArthur knew was stolen, the behavior of Harris and McArthur was clearly susceptible, under the testimony adduced, to differing interpretations with respect to their complicity in the offense charged, i.e., the robbery (see, People v Small, 55 AD2d 994). It is well settled that "where * * * different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the

[accomplice] question should be left to the jury for its determination" *(People v Small, supra,* at 995; *see also, People v Vataj,* 69 NY2d 985, 987; *People v Cobos,* 57 NY2d 798; *People v Tusa,* 137 AD2d 151).

However, the behavior of Harris and McArthur subsequent to the defendant's return with the radio, which they knew was stolen, must be examined separately.

Over 100 years ago, the Legislature first provided that the uncorroborated testimony of an accomplice would not suffice for a conviction (L 1882, ch 360, § 1). The statute requires corroborative evidence "tending to connect the defendant with the commission of the crime". For the purposes of the corroboration rule, an accomplice is defined as a witness who, according to the evidence adduced during the trial

"may reasonably be considered to have participated in:

"(a) The offense charged; or

"(b) an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]).

The corroboration statute's definition of an accomplice differs from the Penal Law statute that provides for accomplice criminal liability (Penal Law § 20.00). CPL 60.22 broadened the definition of an accomplice "in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable" *(People v Beaudet,* 32 NY2d 371, 378; *People v Basch,* 36 NY2d 154, 157). Accordingly, "even though a witness is not liable criminally as an accomplice for the offense being tried, the witness may be an accomplice for corroboration purposes if he or she may reasonably be considered to have participated in an offense based *upon some* of the same facts or conduct which make up the offense on trial" *(People v Berger,* 52 NY2d 214, 219). By their own testimony, Harris and McArthur participated in the offense of criminal possession of stolen property.

In this respect, the case of *People v Sawyer* (107 AD2d 1045) is instructive. In *People v Sawyer (supra),* the defendant was convicted of murder, robbery and burglary. At the trial, the principal prosecution witness was the defendant's girlfriend who testified that she and the defendant visited the victim on the night of the murder. After leaving the victim's house, the defendant informed his girlfriend that he had to return to the house because he had forgotten something. The defendant rejoined his girlfriend 5 to 10 minutes later and handed her

various items of jewelry and money. The girlfriend testified that at this time she realized that the defendant robbed the victim. The Appellate Division, Fourth Department, held that the girlfriend was an accomplice as a matter of law, stating *(People v Sawyer, supra,* at 1045-1046): "She participated in an offense (criminal possession of stolen property) based upon the same or some of the same facts or conduct which constituted the offense on trial (CPL 60.22, subd 2, par [b])".

The holding in *People v Sawyer (supra),* is clearly applicable to the case at bar, where Harris and McArthur also participated in an offense, i.e., criminal possession of stolen property, based upon the same or some of the same facts or conduct which constituted the offense charged. Accordingly, the trial court committed error in refusing the defendant's request that it charge the jury that Harris and McArthur were accomplices as a matter of law, whose testimony had to be corroborated. Where there is overwhelming proof of guilt without an accomplice's testimony, the failure to charge that a witness was an accomplice whose testimony must be corroborated may be considered harmless error *(People v Facey,* 115 AD2d 11). However, in the case at bar, where there is no overwhelming proof of guilt without the accomplices' testimony, a reversal of the judgment of conviction and a new trial are mandated *(see, People v Minarich,* 46 NY2d 970, 971).