■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. LYNCH, Appellant.—

The issue of the alleged repugnancy of the jury's verdict is not preserved for appellate review as a matter of law since it was not raised prior to the jury's discharge *(see, People v Alfaro,* 66 NY2d 985). In any event, based upon the jury charge, the defendant's acquittal of burglary in the second degree did not negate an element of grand larceny in the third degree, of which the defendant was convicted *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *People v Arcarola,* 135 AD2d 545), and the claim of repugnancy is meritless.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, the evidence adduced at the *Wade* hearing reveals that the photographic array was proper in all respects. The pictures of the defendant and those of several of the other subjects depicted persons with similar facial hair and features. Therefore, the photographic array did not draw the witness's attention to only one subject *(see, People v Dubois,* 140 AD2d 619; *People v Rudan,* 112 AD2d 255).

In addition, we find no merit to the defendant's assertion that the trial court erred in not requiring corroboration of the testimony of the individual who purchased the stolen gun from the defendant. We are mindful that pursuant to CPL 60.22 a defendant may not be convicted of any offense upon the testimony of an accomplice, unsupported by corroborative evidence. However, we also recognize that a person who receives stolen property is not to be considered an accomplice of the thief unless it is demonstrated that the receiver aided the thief in the commission of the crime *(see, People v Brooks,* 34 NY2d 475; *People v Fort,* 145 AD2d 983, *lv denied* 73 NY2d 1014). At bar, there is no indication that the individual who purchased the gun from the defendant in any way aided in the commission of the crime. Thus, he cannot be considered an accomplice, and there was no need for corroboration of his testimony.

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Carter,* 19 NY2d 967; *People v Beauchamp,* 148 AD2d 921). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.