■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL TORRES, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Rosato, J.), both rendered March 4, 1987, as amended March 11, 1987, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree under indictment No. 86-00234-01, upon a jury verdict, and robbery in the first degree and grand larceny in the third degree under indictment No. 86-00287-01, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was convicted in connection with the armed

robbery of a taxicab driver on February 9, 1986, and the attempted armed robbery and murder of a taxicab driver on February 10, 1986, after a joint trial. The defendant argues that the court erred in failing to charge that certain witnesses were accomplices as a matter of law so that their testimony required corroboration. We disagree. Different inferences may reasonably have been drawn from the evidence regarding complicity of the defendant's girlfriend, Jenny Reyes, and her 14-year-old son. Reyes called the taxicabs and arranged for a pickup of the defendant. Her son accompanied the defendant on February 10. As innocent explanations could reasonably be drawn from the evidence, the issue of their status as accomplices was a question for the jury (see, CPL 60.22; People v Ortiz, 143 AD2d 851; People v Jeffries, 122 AD2d 281).

In addition, there is no evidence suggesting that the defendant's friend, Mildred Thomas, was in any way a participant in the February 10th robbery attempt. None of her actions after the fact, such as subsequently possessing or trying to sell the gun the defendant used, could lead to an inference of complicity, as she was not involved in the preparation for the crime (see, People v Smith, 110 AD2d 669, revd on other grounds 68 NY2d 737; People v Corrigan, 139 AD2d 918, 919; People v Torello, 94 AD2d 857; cf., People v Vataj, 69 NY2d 985). An accessory after the fact is not an accomplice for the purpose of the corroboration requirement (see, People v Vataj, 121 AD2d 756, 758, revd on other grounds 69 NY2d 985, supra). Her actions were not in furtherance of the defendant's crime and did not constitute an independent offense (see, CPL 60.22 [2]; cf., People v Sawyer, 107 AD2d 1045). Thus, the court acted properly in refusing to submit the question to the jury.

Nonetheless, the court did err in splitting the accomplice analysis with regard to the acts of February 10, 1986, charging that the jury could only consider the witnesses to have been accomplices to the attempted robbery, and not the murder (see, People v Cona, 49 NY2d 26, 36). The attempted robbery charge was the underlying felony supporting the felony murder charge so that the court could not separate the issue of Reyes's and Saez's complicity in the attempted robbery from the felony murder. However, as discussed above, Thomas was not an accomplice with regard to the events of February 10th and she fully corroborated the testimony of Reyes and Saez. Thus, any error in the court's accomplice charge was harmless (see, People v Crimmins, 36 NY2d 230, 241-242; People v Pyne, 125 AD2d 720; People v Sawyer, supra). Similarly, any error in failing to charge that Reyes was an

accomplice to the February 9, 1986, robbery as a matter of law, was harmless, as Reyes's testimony was corroborated by the testimony of the victim.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.