■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO BROOKS, Appellant.—Judgment, Supreme Court, New

York County (Jerome Hornblass, J.), rendered January 9, 1987, convicting defendant, after a jury trial, of two counts of murder in the second degree and sentencing him to concurrent indeterminate prison terms of from 20 years to life, unanimously affirmed.

Defendant, a resident of apartment 5B of 305 West 143rd Street, was charged with murdering Ann Marie James in apartment 1B during the course of a robbery. On the second day of trial, the prosecutor revealed that on October 6, 1986, a detective had interviewed two witnesses not previously disclosed to counsel: Herron, a resident of apartment 2C, who stated that at approximately 1:30 A.M. on October 6, she heard arguing downstairs, and Bailey, a resident of apartment 2D, who stated that she saw defendant talking to someone at the door of apartment 1B at approximately 1:00 A.M.

The court properly denied counsel's request for a mistrial because of the People's failure to turn over Bailey's statement, since the material was turned over to the defense in time for defendant to use the information effectively during trial *(People v Cortijo,* 70 NY2d 868) and in fact defense counsel interviewed Bailey and decided not to call her as a witness. Since Herron's statement did not constitute *Brady* material and was immaterial with respect to the issues in the case, the court properly denied counsel's request to allow a police detective to testify as to Herron's hearsay statement in the interest of justice *(People v Ortiz,* 119 Misc 2d 572).

The evidence that defendant sold his apartment to drug dealers and acted as a lookout for drug dealers was not necessary background information since it had no bearing on any material issue in the case and its admission was error *(see, People v Montanez,* 41 NY2d 53). However, since the evidence of guilt was overwhelming, and since the court took the precautionary measure of instructing the jury that the uncharged crime evidence should not be considered on the question of defendant's guilt, the error was harmless *(People v Crimmins,* 36 NY2d 230, 237).

The trial evidence established that Goodson, defendant's roommate, shared in the robbery proceeds and attempted to cover up defendant's commission of the homicide. The court, however, correctly declined to charge that Goodson was an accomplice as a matter of law since a witness who is merely an accessory after the fact is not an accomplice for the purpose of the corroboration requirements of CPL 60.22 *(People v Vataj,* 121 AD2d 756, *revd on other grounds* 69 NY2d 985).

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.