■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL INGRAM, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial

court erred in failing to instruct the jury that a particular witness was an accomplice as a matter of law. "[A]bsent proof that a person guilty of criminally receiving stolen property aided the thief in the commission of the larceny, the receiver is not an accomplice of the thief *(People v Brooks,* 34 NY2d 475, 480)" *(People v Fort,* 145 AD2d 983, *lv denied* 73 NY2d 1014; *see, People v Lynch,* 158 AD2d 472, 473). The evidence presented at trial established that the witness received $50 from the proceeds of the subject crime; there was only speculative evidence at most tying the witness to the commission of the crimes. Thus, at most, the proof was subject to differing inferences with respect to the witness's involvement, and the question of whether he was an accomplice was properly left to the jury's determination *(see, People v Vataj,* 69 NY2d 985, 987; *People v Arce,* 42 NY2d 179, 186; *People v Basch,* 36 NY2d 154, 157).

We also reject defendant's contention that the safe found on his mother's property should have been suppressed *(see, People v Reynolds,* 71 NY2d 552).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Burglary, 3rd Degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.