■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LAFUENTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 5, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the court properly refused to submit to the jury the issue of whether the defendant's girlfriend was an accomplice. The issue of whether a person is an accomplice is often one for the jury to determine *(see, People v Vataj,* 69 NY2d 985), particularly where the evidence with respect to the person in question is susceptible of differing inferences *(People v Torres,* 160 AD2d 746, 747; *People v Morillo,* 156 AD2d 479, 480; *People v Tuck,* 155 AD2d 491, 492). In the present case, however, there is no evidence suggesting that the defendant's girlfriend participated in the murder in any way. The record is devoid of proof from which it can be inferred that she had planned the murder, participated in the murder, or in any way facilitated it, and none of the evidence adduced at trial controverted the girlfriend's version of the incident. On these facts, no rational trier of fact could conclude that she was an accomplice of the defendant *(see, People v Morillo, supra; People v Torres, supra).*

The remaining contentions raised in the defendant's supplemental *pro se* brief are either without merit, unpreserved for appellate review (CPL 470.05 [2]), or harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36

NY2d 230). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.