THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD AREND, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that his conviction of burglary in the second degree, criminal mischief in the fourth degree, and grand larceny in the fourth degree, arising from the break-in at the Gauer residence, must be reversed and those counts of the indictment dismissed because the accomplice testimony was not sufficiently corroborated. We agree. Toby East and Larry Lawton testified that they and defendant, on December 19, 1989, broke into the Gauer residence and stole three guns. Those witnesses were accomplices as a matter of law and, therefore, their testimony must be corroborated to sustain defendant's conviction *(see,* CPL 60.22 [1]; *People v Glasper,* 52 NY2d 970, 971). Because the People failed to produce any corroborative evidence tending to connect defendant with the Gauer burglary, defendant's conviction of counts four, five and six of the indictment are reversed, the sentences imposed thereon vacated, and those counts of the indictment dismissed *(see, People v Pynes,* 170 AD2d 981, *lv denied* 78 NY2d 972).

Defendant also contends that his conviction of counts one, two and three of the indictment must be reversed because of inadequacies in the court's accomplice charge. Although the court's accomplice charge could have been more precisely phrased, it generally comported with the accomplice instructions set forth in 1 CJI(NY) 7.52, 7.53. Because the jury in hearing the court's charge would have gathered from it the correct rule to apply in reaching its verdict, the errors asserted by defendant do not warrant reversal *(see, People v Canty,* 60 NY2d 830, 832; *see also, People v Ely,* 164 AD2d 442, *lv denied* 77 NY2d 905).

Additionally, defendant contends that the trial court erred in failing to instruct the jury that Richard Richardson was an accomplice as a matter of law. Toby East testified that Richardson participated in the thefts of two all-terrain vehicles on December 12, 1989. Richardson testified that he did not partic-

ipate in the thefts. He admitted, however, that on December 13, 1989 he observed defendant and East with the vehicles and that East told him the vehicles were stolen. Richardson also testified that he rode the vehicles and that he was involved in the sale of one. We find no error in the court's charge that whether Richardson was an accomplice was a question of fact for the jury to determine. The undisputed evidence did not establish that Richardson took part in the preparation or perpetration of the crimes or that he counselled, induced or encouraged the crimes *(see generally, People v Basch,* 36 NY2d 154, 157; *People v White,* 26 NY2d 276, 278; *People v Torello,* 94 AD2d 857, 858). Absent proof that Richardson actually aided or participated in the perpetration of the larcenies, his receipt, possession and involvement in the sale of the vehicles does not make him an accomplice as a matter of law *(see, People v Brooks,* 34 NY2d 475, 480; *People v Lynch,* 158 AD2d 472; *People v Sherman,* 156 AD2d 889, *lv denied* 75 NY2d 970; *People v Morillo,* 156 AD2d 479, 481; *People v Lyon,* 134 AD2d 909, *lv denied* 71 NY2d 970). To the extent that *People v Sawyer* (107 AD2d 1045) is to the contrary, it is overruled.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.