■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DUPONT, Appellant. [598 NYS2d 346] —Weiss, P. J. Appeal from a judgment of the County Court of Sullivan County (Aison, J.), rendered December 14, 1990, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts) and petit larceny (two counts).

On February 7, 1990 defendant, together with Harold Damms (hereinafter Damms) and Robin Damms, his wife (hereinafter Robin), went to the home of Edwin Correa to purchase cocaine. In conversation, Correa expressed interest in the purchase of a brass bed. Unbeknownst to Correa, the three went to the Village of Woodridge, Sullivan County, where defendant and Damms broke into a camp and stole a

brass bed, box spring and mattress while Robin remained in the vehicle as a lookout. Correa rejected the bed but permitted defendant and Damms to leave it on his porch until the next morning, when defendant and Damms took it and sold it to an antique store.

Three days later defendant and Damms borrowed Robin's car and, without her knowledge, broke into a house in the Town of Mamakating, Sullivan County, stealing a microwave oven, a stereo system and several small items. After displaying the stolen items to Robin the next day, they attempted to sell the oven and the stereo to Correa. Again, Robin remained in the car. Correa purchased the stereo and his neighbor subsequently bought the oven.

A few days later Damms and Robin were arrested on burglary charges. After she was granted immunity, Robin gave information to the State Police which they used to procure search warrants and to recover the stolen property. Defendant and Damms were jointly indicted on two counts of burglary in the second degree, grand larceny in the third degree, petit larceny and criminal possession of stolen property in the fourth and fifth degrees, stemming from the unlawful entry into the two houses. Damms pleaded guilty to two counts of burglary in the second degree, pursuant to a plea agreement, and defendant went to trial. At the trial, Robin, Correa and Damms testified. The charge to the jury included, *inter alia*, detailed instructions on accomplice testimony and corroboration requirements. County Court also instructed the jury that Damms was an accomplice as a matter of law and that Robin was an accomplice as a matter of law in the February 7, 1990 burglary in Woodridge involving the bed. The possession of stolen property counts were not charged. Defendant was convicted of two counts of burglary in the second degree and two counts of petit larceny.

Defendant contends on this appeal that the accomplice testimony was not corroborated by sufficient evidence, arguing that Correa was an accomplice in the Woodridge burglary. We find no evidence to indicate that Correa entered into a prior agreement to that theft or that he counseled, induced or encouraged defendant and Damms to commit either crime *(see, People v Brazeau,* 162 AD2d 979, *lv denied* 76 NY2d 891). Absent such proof, a person guilty of criminally receiving stolen property is not an accomplice of the thief *(see, People v Fort,* 145 AD2d 983, *lv denied* 73 NY2d 1014; *see also, People v Brooks,* 34 NY2d 475, 480; *People v Brooks,* 170 AD2d 182, *lv denied* 77 NY2d 958). Similarly, there is no evidence to show

that Robin was involved in the February 10, 1990 break-in and theft, and therefore her testimony about that crime did not require corroboration. However, the commission of both burglaries and thefts were directly linked to defendant by the evidence not only through Correa's testimony, but also by defendant's recent and unexplained possession and control of the fruits of the crimes *(see, People v Johnson,* 65 NY2d 556, 562; *People v Hudson,* 51 NY2d 233, 238).

We find no merit in defendant's contention that he was deprived of effective assistance of counsel. Despite his argument to the contrary, the record reflects that his counsel requested, and County Court gave, an interested witness charge. Viewing the record as a whole, defendant's counsel exhibited a competent, spirited and meaningful defense *(see, People v Baldi,* 54 NY2d 137, 147). Any claims involving additional factual development outside the present record must be addressed in a CPL 440.10 motion *(see, People v Rivera,* 71 NY2d 705).

Nor do we find merit in defendant's remaining contentions. While the prosecutor made some remarks which could be considered excessive, they certainly were not egregious and County Court gave ample appropriate curative instructions *(see, People v Arce,* 42 NY2d 179, 189-190). This is all the more so in view of the overwhelming evidence of guilt *(see, People v Pittman,* 189 AD2d 918). Defendant's failure to request police notes of the interview with a remote witness who was not called to testify, although defendant was aware of the existence of the notes, resulted in his failure to have preserved the issue for appellate review *(see, People v Rogelio,* 79 NY2d 843) and we see no basis for disturbing the judgment of conviction in the interest of justice.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.