THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE DEMASCO, Appellant.

Crimes — trial — accomplice — one who consents to join in a crime and is a party to plans for carrying it into effect, unless he subsequently withdraws, is an accomplice — when whether he withdrew depends entirely on his own testimony question is presented for jury — erroneous instruction as matter of law that witness was not an accomplice.

Where the conviction of a defendant charged with crime rests upon the testimony of a witness who originally consented to join in the crime and was a party to the plans for carrying it into effect, and the question whether he subsequently withdrew depends entirely upon his own testimony, it is error for the court to instruct the jury, as matter of law, that the witness was not an accomplice and to refuse to submit to them any question of fact on the subject. The truth of his testimony as to his withdrawal, as to which he was an interested witness, presented a question for the jury.

*People* v. *Demasco*, 211 App. Div. 814, reversed.

(Argued March 31, 1925; decided April 7, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 21, 1924, which affirmed a judgment of the Nassau County Court, rendered upon a verdict, convicting the defendant of the crime of burglary in the third degree and grand larceny in the first degree.

*Harry W. Moore* for appellant. The witness Thomas Marino was an accomplice and his testimony is entirely uncorroborated by other evidence tending to connect the defendant with the commission of the crime. (*People* v. *Zucker,* 20 App. Div. 363; 154 N. Y. 770; *People* v. *Sweeney,* 213 N. Y. 37; *People* v. *Bright,* 203 N. Y. 73.) The trial court erred in its charge and refusals to charge. (*People* v. *Wood,* 93 Misc. Rep. 701; *People* v. *Swersky,* 216 N. Y. 471; *People* v. *Elliott,* 155 App. Div. 486; *People* v. *Katz,* 209 N. Y. 311.)

*Charles R. Weeks, District Attorney* (*Charles I. Wood* of counsel), for respondent. The witness Marino was not an accomplice. (*People* v. *Zucker,* 20 App. Div. 363; 154 N. Y. 770; *People* v. *Duffy,* 160 App. Div. 385; 212 N. Y. 57; *People* v. *Richardson,* 222 N. Y. 103; *People* v. *Cohen,* 223 N. Y. 406; *People* v. *Wood,* 93 Misc. Rep. 701; *People* v. *Hayes,* 210 App. Div. 549; *People* v. *Kupperschmidt,* 237 N. Y. 463; *People* v. *Hüter,* 184 N. Y. 237; *People* v. *Chapman,* 224 N. Y. 463; *People* v. *Marwig,* 227 N. Y. 382; *People* v. *Michalow,* 229 N. Y. 325; *People* v. *Nichols,* 230 N. Y. 221; *People* v. *Smith,* 232 N. Y. 239.)

*Per Curiam.* The conviction of the defendant rests upon the testimony of one Marino. If Marino was an accomplice of the defendant this testimony requires to be corroborated by other evidence tending to connect the latter with the commission of the crime. The jury were told over exception that as a matter of law the witness was not an accomplice and the court refused to submit to them

any question of fact on the subject. They were allowed to convict, therefore, upon his testimony alone, although they might find that it was entirely uncorroborated. Under the circumstances of the case this was error. Marino originally consented to join in the robbery. He was a party to the plans for carrying it into effect. Therefore he aided and abetted in its commission. Unless he subsequently withdrew from his association with the criminals he was obviously an accomplice. Whether or not he did so withdraw depends entirely upon a somewhat indefinite story told by him. His character is not good and his testimony in this regard is somewhat improbable. As to this matter he was also an interested witness. It was for the jury to determine the truth of his testimony. They might believe that he was a party to the original conspiracy and yet disbelieve his statement that he later withdrew.

The judgment appealed from should be reversed and a new trial granted to the defendant.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment reversed, etc.