OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On appeal defendant contends that the trial court erred in refusing his request to submit to the jury the factual issue of whether the principal prosecution witness, Steven Langhorne, was an accomplice under CPL 60.22 (2) (a). We agree with the Appellate Division that the request was properly denied.
Defendant was indicted for the crimes of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second and third degrees. At trial, Langhorne testified that he observed defendant shoot and kill Leroy Williams and chase Ira Walters into a park across the street. After he heard three shots, Langhorne saw defendant come out of the park, throw a ,bag of marihuana into some bushes, and flee the scene. Langhorne admitted that, after defendant had left, he took money out of Williams’s hand and retrieved the discarded marihuana.
Under CPL 60.22 (2) (a) an "accomplice” is someone who "may reasonably be considered to have participated in * * * [t]he offense charged” (emphasis added). Where differing inferences may reasonably be drawn as to whether a witness participated in the offenses an accomplice-in-fact instruction must be given (see, People v Vataj, 69 NY2d 985, 987). Here, there is no evidence from which it can be reasonably inferred that Langhorne participated in the planning or execution of the crimes. While Langhorne admitted engaging in criminal conduct after defendant left the scene such conduct was not related to the offenses charged. Moreover, defendant’s unsupported contentions that Langhorne served as a "lookout” and remained at the scene to recover the proceeds of the crimes are clearly an insufficient basis for an accomplice instruction (see, People v Tucker, 72 NY2d 849; cf., People v Dorler, 53 NY2d 831; People v DeMasco, 240 NY 170).
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *904 der, Hancock, Jr., and Bellacqsa concur; Judge Titone taking no part.
Order affirmed in a memorandum.