■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE MONTGOMERY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered November 14, 1989, convicting him of murder in the second degree (two counts), and arson in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err by refusing his request to submit to the jury the factual issue of whether the principal prosecution witness, Deon Murray, was an accomplice under CPL 60.22 (2) (a). Under CPL 60.22 (2) (a), an "accomplice" is someone who

"may reasonably be considered to have participated in

"[t]he offense charged".

Where differing inferences may reasonably be drawn as to whether a witness participated in the offenses, an accomplice in-fact instruction must be given (see, People v Vataj, 69 NY2d 985, 987). There is no evidence in this case from which it can be reasonably inferred that Murray participated in the planning or the execution of the crimes (see, People v Jones, 73

NY2d 902, 903). While Murray admitted to initially lying to investigators of the arson after the defendant fled the scene, such conduct did not constitute participation in the offenses charged. There was nothing in the proof adduced at trial to controvert Murray's account that he was an unwilling bystander to the crime of arson. Instead, it is abundantly clear that Murray was also a victim of the crimes charged, as his residence and all of his possessions were destroyed by the fire which had been set in his apartment. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.