■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL BROWN, Appellant. [634 NYS2d 84] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered January 15, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's contention that he was deprived of a fair trial by the admission of hearsay evidence to prove the identity of the victim and the cause of his death is without merit. The People were not required to prove the identity of the decedent

in order to prove the charge of murder in the second degree, but rather, only that defendant caused the death of another person (Penal Law § 125.05 [1]; *see, People v Applegate*, 176 AD2d 888, 889, *lv denied* 79 NY2d 853; *People v Grega*, 72 NY2d 489, 497). In any event, the report from the Medical Examiner's Office was properly admitted as a certified public document and constituted prima facie evidence of the facts stated therein, including the identification of the body (CPLR 4520; *see, People v Brownlee*, 121 AD2d 553, 554, *lv denied* 68 NY2d 768). Moreover, even without the challenged evidence, the remaining proof, including the witness's identification of the deceased's photograph as the person who had been with defendant prior to shots being fired and the deceased's disappearance, amply established the identity of the victim, the fact that it was his body which was found and which was later autopsied and the cause of death (*People v Contes*, 60 NY2d 620).

There was no evidence from which it could reasonably be inferred that the People's witness participated in the planning or execution of the crime. Thus, the trial court properly refused any charge as to accomplice liability (*People v Jones*, 73 NY2d 902; *People v Tucker*, 72 NY2d 849). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.