■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOPEZ, Appellant. [694 NYS2d 674] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 2, 1995, convicting him of murder in the second degree (two counts), arson in the first degree, and assault in the first degree (four counts), upon a jury verdict, and sentencing him to consecutive terms of imprisonment of 25 years to life for each conviction of murder in the second degree, 25 years to life for arson in the first degree, to run concurrently with the sentences imposed on the murder convictions, 5 to 15 years for the first two convictions of assault in the first degree, to run consecutive to each other and to the sentences imposed on the murder convictions, and 3 to 9 years for the latter two convictions of assault in the first degree, to run consecutive to each other and to the sentences imposed on the murder convictions.

Ordered that the judgment is modified, on the law, to provide that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant started a fire in an apartment building, causing two residents to sustain serious injuries when they jumped through the window of their third-floor apartment to escape the fire, two firefighters to sustain serious injuries while attempting to extinguish the fire, and the death of two other residents.

Contrary to the defendant's contentions, the Supreme Court did not err by failing to give an "accomplice-in-fact corroboration" charge, as there is no evidence from which the jury could reasonably infer that the witness in question was an accomplice (*see,* CPL 60.22; *People v Sweet,* 78 NY2d 263, 266; *People v Vataj,* 69 NY2d 985; *People v Basch,* 36 NY2d 154, 157; *People v Young,* 235 AD2d 441, 442; *People v Brown,* 221 AD2d 270, 271; *People v Montgomery,* 178 AD2d 663).

As the People correctly concede, the defendant's sentences for felony murder and "depraved indifference" assault in the first degree (Penal Law § 120.10 [3]) must be modified to run concurrently with each other as well as with the sentence imposed on the conviction of arson in the first degree, because the murders and assault were committed through the single act of arson, which was also a material element of those offenses (*see,* Penal Law § 70.25 [2]; *People v Leo,* 255 AD2d 458; *People v Marro,* 225 AD2d 796; *People v Rodriguez,* 217 AD2d 403; *People v Kirkwood,* 165 AD2d 881). Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.