■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v DAISY CONTES, Appellant-Respondent. [735 NYS2d 35] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 12, 2000, convicting defendant, after a jury trial, of grand larceny in the second degree, grand larceny

in the third degree (two counts) and criminal possession of stolen property in the third degree (two counts), and which sentenced her to a term of five years probation and ordered her to pay $3,000 in restitution, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly considered by the trier of facts and there is no basis upon which to disturb its determinations (see, *People v Gaimari*, 176 NY 84, 94). The accomplice testimony was sufficiently corroborated by documentary evidence supplied by the victim, bank records and testimony from defendant's coworker. Defendant's newly discovered evidence claim may not be considered on direct appeal because it involves matters dehors the record. Accordingly, it would require a motion pursuant to CPL 440.10 (1) (g). In any event, the newly discovered evidence constituted impeachment material that would not have created a likelihood of a different verdict.

With respect to the People's appeal from the sentence, challenging the court's imposition of restitution in a lesser amount than the victim's out-of-pocket loss, we note that an appeal by the People from a sentence "may be based only upon the ground that such sentence was invalid as a matter of law" (CPL 450.30 [2]), and we find no illegality. Neither defendant nor the prosecutor requested a hearing to determine the exact dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense (see, Penal Law § 60.27 [2]). The record sufficiently establishes that the court, while not providing extensive detail, did not improvidently exercise its discretion (Penal Law § 60.27 [1]) in ordering defendant to pay only $3,000 in restitution.

Defendant was one of several persons convicted in this scheme wherein a larger sum was stolen from defendant's employer, and the other conspirators were ordered to pay restitution in substantial amounts based on their respective shares of the proceeds of the crime. We note that the People did not request a hearing on this subject. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.