■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARSHEN KINGSBERRY, Appellant. [782 NYS2d 857]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 10, 2002, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish her guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that the trial court erred in failing to instruct the jury that a prosecution witness could be considered an accomplice as a matter of fact, whose testimony required corroboration. However, the subject witness was, at most, an "accessory after the fact," whose testimony needed no corroboration under CPL 60.22 (*People v Dygert,* 229 AD2d 735, 736 [1996]; *People v Sacco,* 199 AD2d 288, 289 [1993]). Accordingly, an accomplice corroboration charge was not warranted (*see People v Young,* 235 AD2d 441, 442 [1997]; *People v Brown,* 221 AD2d 270, 271 [1995]). Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.