■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY EDWARDS, Appellant. [811 NYS2d 586]—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 19, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see* Penal Law § 125.25 [2]).

The defendant's claim of ineffective assistance of counsel is partially based on matters dehors the record which cannot be reviewed on direct appeal (*see People v Zimmerman,* 309 AD2d 824 [2003]; *People v Wingate,* 297 AD2d 761 [2002]; *People v Boyd,* 244 AD2d 497 [1997]). However, to the extent that such claim is reviewable, the record reveals that the defendant's trial counsel provided him with meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Jefferson,* 156 AD2d 716 [1989]).

Moreover, the defendant did not preserve for appellate review his claim that the court erred in failing to charge the jury with respect to the accomplice-corroboration requirement of CPL 60.22, as he neither requested such a charge nor specifically objected to the court's failure to give it (*see* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351 [1981]; *People v Rudd,* 1 AD3d 539 [2003]; *People v Nichilo,* 274 AD2d 592 [2000]; *People v Odiot,* 242 AD2d 308 [1997]). In any event, under the circumstances, no accomplice-corroboration charge was warranted under CPL 60.22 (*see People v Young,* 235 AD2d 441, 442 [1997]; *People v Brown,* 221 AD2d 270, 271 [1995]; *People v Montgomery,* 178 AD2d 663 [1991]).

The defendant's contention raised in point one of his supplemental pro se brief is without merit, and the contention raised in point four of his supplemental pro se brief is unpreserved for appellate review and, in any event, is without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.