THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY WRIGHT, Appellant. [819 NYS2d 302]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J., at trial, Brown, J., at sentencing), rendered June 6, 2000, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). The remaining contentions in the defendant's main brief are unpreserved for appellate review, and in any event, are without merit (*see People v O'Henry,* 13 AD3d 470 [2004]; *People v Allen,* 305 AD2d 421 [2003]).

The defendant's claim in his supplemental pro se brief alleg-

ing newly-discovered evidence is not properly before us on this appeal (*see People v Contes,* 289 AD2d 128, 129 [2001]; *People v Ransome,* 207 AD2d 504 [1994]; CPL 440.10).

The defendant's claim in his supplemental pro se brief regarding the trial judge's alleged mental incapacity during the trial is not properly before this Court to the extent it relies on matters that occurred after the trial, and which are therefore dehors the record. To the extent this claim is reviewable, there is no evidence on the record to indicate that the trial judge was suffering from any mental incapacity during the trial.

The defendant's claim in his supplemental pro se brief alleging ineffective assistance of counsel is not properly before this Court to the extent it relies on matter dehors the record (*see People v Edwards,* 28 AD3d 491 [2006]). The only alleged instance of ineffective assistance of counsel that is part of the record and reviewable on direct appeal is counsel's failure to make a pretrial motion to suppress certain photographs introduced by the People on cross-examination of the defendant. However, this claim is without merit, as a successful motion to suppress would not have prevented the People from using the photographs to impeach the defendant on cross-examination (*see United States v Havens,* 446 US 620, 627-628 [1980]; *People v Mullins,* 179 AD2d 48 [1992]).

The defendant's claim in his supplemental pro se brief regarding allegedly improper comments made by the prosecutor during her summation is unpreserved for appellate review, and in any event, is without merit (*see People v Campbell,* 29 AD3d 601 [2006]). Finally, his claim regarding alleged prosecutorial misconduct in connection with the admission of the photographs is without merit, as the People did not seek to introduce them on their direct case, and as noted above, the People were not prohibited from using the photographs to impeach the defendant on cross-examination (*see United States v Havens, supra*). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.