THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEEK EPHRAIM, Appellant. [836 NYS2d 302]— Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered April 26, 2005, convicting him of robbery in the first degree, robbery in the second degree, assault in the first degree, gang assault in the second degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the showup procedures employed by the police for the purpose of securing prompt and reliable identifications were not unduly suggestive (*see People v Bennett,* 37 AD3d 483 [2007]; *People v Gilyard,* 32 AD3d 1046 [2006]).

Moreover, the County Court properly determined that the reason proffered by the defense counsel for the peremptory challenge of the single juror at issue was pretextual (*see People v Miller,* 266 AD2d 478 [1999]). Thus, the County Court correctly granted the prosecution's reverse-*Batson* objection (*see Batson v Kentucky,* 476 US 79 [1986]).

The defendant's claim of ineffective assistance of counsel is not properly before this Court to the extent it relies on matter dehors the record (*see People v Edwards*, 28 AD3d 491 [2006]). To the extent that such claim is reviewable, the record reveals that the defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.