■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE MANLEY, Appellant. [875 NYS2d 542]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 17, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]; *People v Finger,* 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). The fact that some of the People's witnesses had unsavory backgrounds and testified pursuant to cooperation agreements did not render their testimony incredible (*see People v Calabria,* 3 NY3d 80 [2004]; *People v Adams,* 302 AD2d 601 [2003]).

The defendant's contention that he was entitled to an accomplice corroboration charge pursuant to CPL 60.22 is also unpreserved for appellate review (*see People v Edwards,* 28 AD3d 491, 492 [2006]; *People v Rudd,* 1 AD3d 539, 540 [2003]) and, in any event, is without merit (*see e.g. People v Edwards,* 28 AD3d at 492; *People v Young,* 235 AD2d 441, 442 [1997]; *People v Morillo,* 156 AD2d 479, 480 [1989]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, we conclude that the defendant received meaningful representation (*see People v Taylor,* 1 NY3d 174, 176 [2003]; *People v Baldi,* 54 NY2d 137 [1981]). Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.