■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAWN BROCKINGTON, Appellant. [48 NYS3d 313]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered June 26, 2013, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Defendant did not preserve his claim that the court should have submitted to the jury the issue of whether the prosecution's main witness was an accomplice in fact, whose testimony would thus require corroboration (*see* CPL 60.22), and we decline to review it in the interest of justice. The record does

not support defendant's assertion that he joined in a codefendant's request for such a charge (*see People v Buckley*, 75 NY2d 843 [1990]). At most, defendant made a brief remark that appeared to support the codefendant's theory that because of the witness's participation in the purchase, months before the murder, of what ultimately proved to be the alleged murder weapon, she remained an accomplice to possession of the weapon at the time of the murder. Thus, any preservation would be limited to that theory, which we find to be meritless. As an alternative holding, we reject defendant's entire argument on the merits (*see People v Jones*, 73 NY2d 902, 903 [1989]). Although the witness heard her boyfriend, a codefendant, declare his intention to "smoke someone," she did not accompany him to the scene of the murder, she was not at or near that location before, during or after the crime, and there is no evidence suggesting that the witness had any homicidal intent or that she importuned or intentionally aided either defendant in committing the crime. All of defendant's theories under which the witness could be viewed as having participated in the charged crimes are unsupported and based on speculative inferences. In any event, any error in failing to deliver an accomplice corroboration charge was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court providently exercised its discretion in receiving evidence of defendant's Facebook post, made one hour after the murder, which could be reasonably interpreted as at least indirectly boasting about the crime by announcing that defendant's group had scored a victory over a rival group (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]). The jury was provided with sufficient context in which to make such a interpretation, and the possibility of innocent interpretations did not go to the admissibility of the evidence, but to the weight to be accorded it by the trier of fact.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.