THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELIKA DOTSENKO, Appellant. [52 NYS3d 640]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 24, 2004, convicting her of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence, (2) from an amended judgment of the same court rendered June 28, 2012, resentencing the defendant to include a period of postrelease supervision, and (3), by permission, from an order of the same court entered December 23, 2015, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment, the amended judgment, and the order are affirmed.

Contrary to the defendant's contention, the Supreme Court properly declined her request to charge the jury that a prosecution witness was an accomplice whose testimony required corroboration. An accomplice is a witness who may reasonably be considered to have "participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (*People v Caban*, 5 NY3d 143, 153 [2005]; *see* CPL 60.22 [2]). Where differing

inferences may reasonably be drawn as to whether a witness participated in the offenses, an accomplice-in-fact instruction must be given (*see People v Sage*, 23 NY3d 16, 23-24 [2014]). Here, there is no evidence from which it can be reasonably inferred that the witness participated in the planning or the execution of the crimes (*see People v Jones*, 73 NY2d 902, 903 [1989]). Her mere presence at the time of the shooting, without more, did not constitute a reasonable basis for the jury to conclude that she was an accomplice (*see People v Anderson*, 118 AD3d 1138, 1144 [2014]).

Contrary to the defendant's further contention, the sentence imposed was not excessive. Although the defendant received a greater sentence than that of the codefendant, who was sentenced on a negotiated plea, a discrepancy between the sentence imposed on a codefendant after a negotiated plea, and one imposed on a defendant who proceeds to trial, does not, without more, indicate that the latter is being punished for exercising the right to proceed to trial (*see People v Bryant*, 82 AD3d 1114, 1115 [2011]; *People v Murad*, 55 AD3d 754, 756 [2008]; *People v Taylor*, 155 AD2d 630 [1989]; *People v Suitte*, 90 AD2d 80 [1982]).

Finally, the Supreme Court properly denied the defendant's motion to vacate the judgment pursuant to CPL 440.10. The People did not commit a *Brady* violation (*Brady v Maryland*, 373 US 83 [1963]) by failing to turn over the transcript of the plea proceeding of her accomplice (*see People v Rivera*, 82 AD3d 1590 [2011]; *People v Singleton*, 1 AD3d 1020 [2003]). Moreover, that transcript did not constitute newly discovered evidence (*see People v Backus*, 129 AD3d 1621, 1623 [2015]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.