People v Rodriguez (2018 NY Slip Op 02257)





People v Rodriguez


2018 NY Slip Op 02257


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6137 3184/00

[*1]The People of the State of New York, Respondent,
v
Marcos Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot counsel), for appellant.
Marcos Rodriguez, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William C. Donnino, J.), rendered October 10, 2002, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.
Initially, we decline to revisit this Court's prior order, which denied the People's motion to dismiss the appeal from the judgment.
In this case involving the kidnapping of a victim in Rhode Island, whose body was found two days later in Bronx County, we find that territorial jurisdiction in New York was established beyond a reasonable doubt. In a homicide case where the body of the victim is found in New York, "it is presumed that the result, namely the death of the victim, occurred within this state," thereby establishing jurisdiction (CPL 20.20[2][a]). Here, in addition to the statutory presumption, there was extensive proof that the victim died in New York. There was circumstantial evidence, such as evidence that defendant's plan was to take the victim to New York and kill him there. There was also convincing forensic evidence supporting the same conclusion. In claiming that the presumption was rebutted, defendant offers little more than speculation that the victim may have died on the way to New York.
We find that defendant received the effective assistance of counsel under state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Regardless of whether trial counsel should have moved to dismiss for lack of territorial jurisdiction and requested a jury instruction on that issue, defendant has not shown that either or both of these omissions fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. As noted, the evidence, viewed in light of the presumption, plainly established territorial jurisdiction, and neither of these alleged omissions by counsel could have prejudiced defendant.
With regard to defendant's other claims of ineffective assistance, he has likewise failed to satisfy either the reasonableness or prejudice prongs contained in either the state or federal standards. There was no basis for counsel to request an accomplice-in-fact charge regarding a prosecution witness, because there was no evidence to support an inference that she participated in this crime (see People v Jones , 73 NY2d 902, 903 [1989}). Under the law prevailing at the time of defendant's trial, which predated Crawford v Washington (541 US 36 [2004]), there was also no basis to challenge the admission of the autopsy report.
To the extent that, independent of his ineffective assistance claims, defendant seeks review of any of the above-discussed issues, we find them to be unpreserved, and we decline to review them in the interest of justice. Defendant's pro se
claims are also procedurally defective, because they involve matters outside the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK