People v Mejia (2019 NY Slip Op 00903)





People v Mejia


2019 NY Slip Op 00903


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2013-06465
 (Ind. No. 1912/11)

[*1]The People of the State of New York, respondent,
v
Juan Mejia, appellant.


Janet E. Sabel, New York, NY (Jonathan Garelick and Harold Ferguson of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered June 10, 2013, convicting him of murder in the second degree (three counts), kidnapping in the first degree, kidnapping in the second degree, burglary in the first degree (three counts), robbery in the first degree (three counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant and Domingo Mateo were indicted on charges of murder in the second degree, kidnapping in the first and second degrees, burglary in the first degree, and robbery in the first and second degrees in connection with a home invasion, which occurred on May 3, 2011, and resulted in the death of one of the occupants of the home. Mateo was tried separately and convicted on all counts. Thereafter, the defendant was tried and convicted on all counts. On Mateo's appeal, this Court found that his conviction of kidnapping in the second degree was precluded by the merger doctrine and modified the judgment of conviction by vacating the conviction of kidnapping in the second degree and the sentence imposed thereon, and dismissing that count of the indictment as to that defendant (see People v Mateo, 148 AD3d 727).
The defendant now contends that his conviction of kidnapping in the second degree was precluded by the merger doctrine. Although his contention is unpreserved for appellate review (see CPL 470.05[2]), we nevertheless reach the issue in the exercise of our interest of justice jurisdiction, vacate the defendant's conviction of kidnapping in the second degree and the sentence imposed thereon, and dismiss that count of the indictment as to the defendant (see People v Mateo, 148 AD3d at 728; People v Garnes, 127 AD3d 1104, 1105).
Contrary to the People's contention, the defendant preserved for appellate review his [*2]contention that the Supreme Court should have given an accomplice-in-fact charge with respect to witness Andres Moros (see CPL 470.05[2]). However, the contention is without merit. The record contains no evidence from which it could reasonably be inferred that Moros participated in the planning or execution of the subject crimes (see People v Jones, 73 NY2d 902, 903; People v Dotsenko, 150 AD3d 1146, 1147; People v Lopez, 262 AD2d 659, 660; cf. People v Vataj, 69 NY2d 985, 987). At most, that witness was an accessory after the fact, "whose testimony needed no corroboration under CPL 60.22" (People v Kingsberry, 11 AD3d 561, 562; see People v Williams, 2 AD3d 760, 761; People v Young, 235 AD2d 441, 444). Therefore, we agree with the Supreme Court's determination denying the defendant's request to instruct the jury that Moros could be considered an accomplice as a matter of fact (see People v Jones, 73 NY2d at 903; People v Mohabir, 111 AD3d 851, 852; People v Lopez, 262 AD2d at 660; People v Kingsberry, 11 AD3d at 562; People v Williams, 2 AD3d at 761).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court